## Case No. 1,750.

### BOYD v. URQUHART et al.

[1 Spr. 423.] [1]

District Court, D. Massachusetts. May, 1858.

ADMIRALTY—PRACTICE—ATTACHMENT—DECREE.

In a suit in personam, the defendants not being within the district, but their property being attached, and no appearance entered, the decree will not be against the defendants personally, but only against the property attached. If that property consist of specific articles, the court will order a sale. Such sale will be only of the right of the debtor. If the property attached be money in the registry, the decree will be satisfied therefrom.

[Cited in Atkins v. Fibre Disintegrating Co., Case No. 602.]

In admiralty.

Seth J. Thomas, for libellant.

SPRAGUE, District Judge. This is a libel in personam, against the owners of the ship Jane E. Williams, for necessary supplies. Alternative process issued upon the libel, as provided in the second admiralty rule of the supreme court, by which the vessel was attached. At the time of the attachment, she was in the custody of the marshal, by process in rem from this court, to enforce a lien, in a 'suit for collision. In that suit, a decree having been rendered in favor of the libellant, the vessel was sold by order of court, the proceeds brought into the registry, and the decree satisfied therefrom. The residue of the proceeds, amounting to the sum of $2,-205.37, still remained in the registry. The defendants were severally part owners of the vessel; but process has not been served upon them, they not being found in this district. It appears that there is due to the libellant the sum of $469.48, upon the claim set forth in the libel, and his proctor now moves that a decree be rendered against all the defendants, upon default, for that sum, with costs, in the same manner as if they had been served with notice, or entered an appearance, and that execution thereon ' be issued against them personally, as well as against their property. Ben. Adm. § 460, is cited as an authority to sustain this motion.

The defendants have never been served with process, nor entered an appearance, and are, therefore, not within the jurisdiction of the court; and if the decree asked for should now be rendered, it would not bind them personally. A judicial tribunal ought not to render a judgment which is not binding to its full extent. The property attached is within the jurisdiction of the court, and may be appropriated to the payment of the maritime debt set forth in the libel. If the property attached were still specifically in .the hands of the marshal, I should order a sale,—that course being more consonant to sound principles, and modern practice, than the ancient crude procedure of delivering the property itself to the creditor. Such sale, however, I apprehend, would not have the attributes of an admiralty sale upon a process in rem, as notice to all the world is not given in a suit in personam, even where property is attached. A sale, therefore, in such case, although by order of court, will convey only the right of the defendants, and cannot divest liens or other rights, which persons holding them have had no opportunity to protect. The purchaser would take cum onere. In this case, I shall order the amount which appears to be due to the libellant, together with the costs of the suit, to be paid out of the money in the registry. Hall, Adm. 73, 75, 76; Manro v. Almeida, 10 Wheat. [23 U. S.] 473; Clarke v. New Jersey Co. [Case No. 2,859]. Decree accordingly.

## Case No. 1,751.

### BOYD v. WILSON.

[2 Cranch, C. C. 525.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

PAYMENT—EVIDENCE—BANK BOOKS.

The books of a bank, which do not show whether the checks drawn upon it were payable to bearer or to order, nor the names of the persons in whose favor they were drawn, are not evidence of money paid to any particular person.

[See Burch v. Spaulding. Case No. 2,140; Lowe v. McClery, Id. 8,566.]

The books of the Bank of Washington were offered in evidence by the defendant [the administrator of H. M. Wilson], to show that a check for $255, drawn by Wilson, was payable and paid to W. Boyd. J. H. Reiley, the book-keeper of the bank, stated that the bank-books did not show whether the check was payable to order or bearer, nor whether it was payable to the person whose name appears on the books as payee.

THE COURT (nem. con.) in conformity to their decision in the case of Burch v. Spaulding, at Oct. term, 1813 [Case No. 2,140], decided that the books of the bank were not competent evidence of the payment of the amount of the check to Boyd.

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]