JUDGE BULLITT
delivered the opinion op the court: (Judge Williams dissenting.)'
Lambert sued Ambrose Buckles and the appellants, John and James Buckles, for an assault and battery. They filed separate answers. The jury found a joint verdict against them for $825, and a judgment was entered accordingly. On the same day the defendants moved for a new trial, which was granted to Ambrose, because he was an infant and no guardian ad litem had been appointed for him, and refused to John and James, against whom the judgment was allowed to stand for the sum named in the verdict. To reverse that judgment they appeal.
We need not consider the instructions, as the bill of exceptions does not show that the appellants excepted to the action of the court with reference to them.
James Buckles made his answer a counter-claim against Lambert, who filed a reply thereto, not merely denying its allegations, but giving a detailed statement concerning the origin and progress of the difficulty between him and the defendants. They moved to strike out part of the reply, upon the ground that it contained irrelevant matter, and it is contended that the court erred in overruling that motion.
Section 147 of the Code, which declares, that, “if irrelevant or redundant matter is inserted in a pleading, it may be stricken out; on motion of any person aggrieved thereby, at *332 the cost of the party whose pleading contained it,” is an enactment of an old rule of practice, which made it the duty of the court to strike out irrelevant or redundant matter, upon a motion made for that purpose. In our opinion, that part of the reply, which the defendants moved to strike out, contains irrelevant and redundant matter, and their motion should have prevailed. But we cannot reverse the judgment on account of the error of the court in overruling it, because we do not perceive that the defendants were prejudiced thereby. We are required to “disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party.” (Code, see. 161.) It is contended, however, that the jury may have regarded those statements of the reply as evidence for the plaintiff. But it is clear that they had no right to do so, and we cannot assume that they violated their duty.
It is contended that the court erred in rendering a judgment against the appellants, without disposing of the cause as to the other defendant.
We have no doubt that this would have been erroneous under the old practice; but, in our opinion, the practice has been changed by the Code.
Section 392 declares, that “an action upon contract, wherein the summons has been served in due time, as provided in section 135, upon part only of the defendants, shall stand for trial at the first term as to those so summoned, and may be continued as to the others for further proceedings. In other actions, by ordinary proceedings, the plaintiff can only demand a trial at any term, as to part of the defendants, upon his discontinuing his action on the first day of such term as to the others.”
In an action ex delicto against several defendants, some of whom were, and some of whom were not, summoned, there was a trial as to the former anda judgment against them, without any disposition of the case as to the latter; and it was held, that,“as the plaintiff might have maintained his suit against any number of the defendants, and was, by the Code, entitled to a judgment against some without disposing of the case finally as to others, it is no available objection to the judgment that no notice is taken of the defendants, who were *333 not served with process, and no express disposition made of the case as to them.” (Waller, &c. vs. Martin, 17 B.. Mon., 188.) But that decision was, in effect, overruled in a similar case, in which it was held that the provisions above cited, from section 392, apply only to cases in which some of the defendants have been summoned and others not summoned, and that in actions ex delicto itis erroneous to render a judgment against the former, without discontinuing the case as to the latter on the first day of the term. (Hedger vs. Downs, 2 Met. Ky. Rep., 160.) Those provisions, therefore, do not apply to the case under consideration, because here all the defendants were summoned.
But we do not perceive how this case can be relieved from the operation of section 402, which declares that, “though all the defendants have been summoned, judgments may be rendered against any of them severally, where the plaintiff would be entitled to judgment against such defendants if the action had been against them alone.”
In view of the context, our opinion is, that this section does not require separate judgments against each defendant, but that it authorizes several separate or joint judgments against one or more of the defendants, as the case may require.
By the common law, “if several persons jointly commit a tort, the plaintiff, in general, has his election to sue all or some of the parties jointly, or one of them separately, because a tort is in its nature a separate act of each individual.” (1 Ch Pl., 86.). This rule has not been changed by the Code. As Lambert could have sued the appellants alqne, and would, in such an action, have been entitled to a judgment against them for the damages he sustained, they have no right to complain because Ambrose Buckles was not included in the judgment.
It has been suggested that the judgment is erroneous because it does not conform to the verdict, which was against all the defendants, whilst the judgment is against two only. But a majority of the court,' (Judge Williams dissenting.) regard the decision in Shelton, &c. vs. Harlow, (15 B. Mon., 547,) as conclusive upon this question. That was an action for damages against four defendants. The jury found a joint verdict *334 against them. Upon their motion for a new trial, the cohrt, being of the opinion that there was no evidence against one of them, put the plaintiff upon terms that the suit should be dismissed as to him, which was done, and a judgment was rendered against the others for the amount of the verdict; and the judgment was affirmed.
Whether or not Lambert can now proceed against Ambrose Buckles, is a question upon which wre express no opinion.
in view of the evidence, we cannot reverse the judgment upon the ground that the damages are excessive.
The judgment is affirmed.