JAMES FINNERAN & wife *vs.* THOMAS LEONARD & wife.

A domestic judgment rendered by a court of general jurisdiction in favor of the defendant, for costs, in an action between citizens of this commonwealth, cannot, if there was no fraud, and no want of jurisdiction is apparent on the record, be impeached, in an action upon it, by proof that the action in which it was rendered was prosecuted by an attorney without authority, and without the knowledge of the party for whom he assumed to act.

CONTRACT upon a judgment recovered by the plaintiffs against the defendants for costs, in the court of common pleas for Worcester county in December 1855.

At the trial in the superior court, before *Vose*, J., it appeared that in October 1852 the action in which the judgment was recovered was commenced by an attorney duly admitted in this commonwealth in favor of the present defendants against the present plaintiffs, which, after remaining for several terms upon the docket, was terminated by the entry of a nonsuit. The defendants now offered evidence to prove that said action was commenced and prosecuted without their authority or knowledge, and that they never heard of it, or of the judgment recovered in it, until the present action was commenced. The judge ruled that this evidence was inadmissible, and a verdict was returned for the plaintiffs. The defendants alleged exceptions.

*H. Williams*, for the defendants. The judgment was rendered in a suit to which the defendants were made parties without their procurement, assent or knowledge. Where a record is relied upon as an estoppel it must be construed with great strictness, both as to its contents and as to the authority of the court to make such a record. *Bodurtha* v. *Goodrich*, 3 Gray,

508. Judgments are conclusive only as to that which was directly in issue ; and it is only where the point in issue has been determined that the judgment is a bar. 1 Greenl. Ev. §§ 528, 529. *Gilbert* v. *Thompson,* 9 Cush. 348. The authority of the attorney to appear was not put in issue or determined in the suit in which judgment was rendered. The record is only *prima facie* evidence of the appearance of the attorney. *Hall* v. *Williams,* 6 Pick. 247. *Watson* v. *New England Bank,* 4 Met. 343. *Allen* v. *Stone,* 10 Barb. 547. It may be shown in defence to a suit on a judgment that the attorney in the original suit acted without authority. *Phelps* v. *Brewer,* 9 Cush. 390. *Brewer* v. *Holmes,* 1 Met. 290. *Price* v. *Ward,* 1 Dutcher, 225.. No man ought to be bound by proceedings to which he was a stranger. 1 Greenl. Ev. § 522. *Aldrich* v. *Kenney,* 4 Conn. 386.. Facts upon the record which show a jurisdiction may be contradicted after judgment. *Carlton* v. *Bickford,* 13 Gray, 591, and cases cited. The defendants were not in fact parties to the original suit, and the court had no jurisdiction.

*G. F. Verry,* for the plaintiffs.

DEWEY, J. If this were an action brought upon a judgment rendered in another state against a citizen of Massachusetts, under our decisions no question could arise as to the competency of evidence on the part of the defendant to impeach the judgment, by proof that he had no legal notice of the suit, and never appeared therein, nor submitted himself to the jurisdiction of the court. *Gleason* v. *Dodd,* 4 Met. 333. *Carlton* v. *Bickford,* 13 Gray, 591. *Bissell* v. *Briggs,* 9 Mass. 468.

But in all these cases, and in similar decisions elsewhere, a distinction is constantly to be noticed between the effect of a judgment rendered in another state, sought to be enforced here against one of our citizens, and that of a suit on a domestic judgment. The latter is assumed to be conclusive between the parties, as to all matters embraced in the record thereof, until it shall have been set aside, or reversed on a writ of error.

The strong reason for permitting judgments rendered in other states to be impeached for want of jurisdiction of the parties was, the necessity of such a rule of law, as the only effectual

way to protect our citizens from the effect of judgments improperly rendered against them by courts having no jurisdiction over them. But in the case of our domestic judgments between our own citizens, if such judgment has been obtained improperly, either for want of service or of authority to appear or other cause, the remedy is at hand, and the party aggrieved may obtain relief in our own courts by proper application for review, or by writ of error, or in a proper case by bill in equity, and a stay of proceedings may be had until such claim for relief has been duly heard and adjudicated upon. The general rule in reference to domestic judgments rendered by a court of general jurisdiction, if no want of jurisdiction is apparent upon the face of the record, is, that they cannot be collaterally impeached. *Coit* v. *Haven*, 30 Conn. 190, and cases cited. That the same rule applies to the case of a plaintiff against whom judgment has been rendered for costs, and who in defence sets up that the suit was not authorized by him, was held in *Ward* v. *Baker*, 1 E. D. Smith, (N. Y.) 423.

In the case of *Cook* v. *Darling*, 18 Pick. 393, where, in an action of debt upon a domestic judgment, the defendant sought to impeach the judgment by showing by evidence a want of notice of the suit, and want of jurisdiction over him, this court rejected the evidence, and held that the judgment declared on, being a domestic judgment of a court of common law jurisdiction, must be taken to be conclusive until reversed.

It will be found that in most of the cases referred to by the counsel for the defendants, the judgments were rendered in other states, or the relief against an unauthorized appearance by an attorney was sought and obtained by motion to set aside the judgment, or other proper process to reverse it. Even in such cases the courts have not uniformly granted the relief prayed for, but have in many cases left the party to seek redress by an action against the attorney, where he was responsible. No allegation of fraud on the part of the party recovering judgment is alleged in defence. It is unnecessary to enter upon the discussion of the proper disposition of such a case as this would have presented upon proper process to set aside the. judgment. It is

enough to say that such a judgment, in an action of debt upon it, cannot be impeached in the manner proposed.

*Exceptions overruled.*