## JOSEPH BRAINARD vs. GEORGE FOWLER.

Hampden. Sept. 29, 1875.—Jan. 4, 1876. AMES & DEVENS, JJ., absent.

A judgment of a court of general jurisdiction in another state may be proved by a duly certified copy of the "transcript of judgment," which simply contains a copy of the summons to the defendant to answer in a plea of trespass on the case in assumpsit; a return of the officer thereon, showing personal service on the defendant; a copy of the plaintiff's declaration and statement of his claim; a copy of the "continued docket entry," showing, under the names of the parties, the issuing of the summons, filing of the plaintiff's declaration and statement, and entry of judgment; and a copy of the "judgment docket entry," showing, under the names of the parties, the date of the judgment, the amount of the debt, and the amount of the costs.

In an action on a judgment obtained in another state, in which the record shows that the defendant was duly summoned to appear, evidence that the defendant did not owe the plaintiff anything is not competent on the issue whether service was made on the defendant, nor on the issue whether the claim in the other state was fraudulent; and the evidence is not made admissible by the fact that the officer, who appeared by the record to have made the service, testified that when he made the service the defendant said the claim was a just one.

CONTRACT upon a judgment recovered by the plaintiff against the defendant in the Court of Common Pleas of Luzerne County in the State of Pennsylvania.

At the trial in the Superior Court, before *Colburn*, J., the plaintiff offered in evidence a copy of the proceedings in an action brought by him against the defendant in said court, entitled "transcript of judgment," which contained the following: A summons to the defendant to answer in a plea of trespass on the case in assumpsit; a return of the officer thereon, certifying that he had served the writ upon the defendant by delivering to him a true and attested copy of the writ, and by making the contents known to him; the plaintiff's narr. or declaration, and statement of his claim, which was for whiskey sold and delivered to the defendant; a copy of the "continued docket entry," under the names of the parties, as follows: "Summons in trespass on the case in assumpsit, Exe't. 29 July, 1869. Same day narr. and statement filed. Summoned, 23 Aug. 1869. Judg't Sec. Reg. J. D. No. 18;" also a copy of the "judgment docket entry," under the names of the parties, as follows: "Date of Judg't, 23d Aug. 1869. Debt, $176.32. Costs, $12.10."

The defendant objected to the introduction of said transcript in evidence, because it was not properly authenticated ; but as this objection was waived at the argument, it is unnecessary to state the form of the certificate annexed. He further objected, because it contained no sufficient record or statement of a judgment or adjudication against the defendant. The judge overruled said objections and admitted it in evidence.

The evidence of the defendant was his own testimony alone, and consisted of a denial that he was ever served with any process in the case of the plaintiff in Pennsylvania. He testified that he was and is a hotel keeper, and, at the time this alleged judgment was recovered, kept a hotel in Carbondale, Luzerne County, Pennsylvania, and continued so to do until May, 1870, and to reside there until March, 1871, when he removed to Massachusetts.

The defendant offered to show, upon the issue of service, that the plaintiff had no occasion to sue him, that he did not owe him anything, and the circumstances and details of the business he had with the plaintiff concerning the whiskey named in the plaintiff's complaint in the Pennsylvania action ; and that the plaintiff had no claim upon him, and must have known such to be the fact. The judge excluded the evidence, but permitted the defendant to testify that he had had no dealings with the plaintiff, if such was the fact, but the defendant could not so testify.

The defendant then offered the same evidence upon the issue of fraudulently procuring the judgment, and the judge again excluded the evidence. He also offered to show that while he remained in Pennsylvania, he had property in his own name which could have been reached to satisfy a judgment, and that no attempt was ever made to collect this judgment. The judge excluded the evidence.

After the defendant had testified, the plaintiff put in the deposition of the officer named in the judgment record above named, whose answer to the fourth interrogatory was as follows : " I met said Fowler at that time and served a copy of a writ I had against him in favor of one Joseph Brainard, and after I had served the writ on him, said Fowler, he (Fowler) said the claim of Brainard was for a bill of liquors, and that the claim was all right, and that he intended to pay for it."

The defendant was then recalled, and testified that he had no such conversation with the deponent. He then offered to testify that in fact Brainard had no bill for liquors against him, and the claim was not in fact all right. The judge excluded the evidence. This was all the evidence in the case.

After the evidence was all in, the defendant asked the judge to rule that the introduction of said transcript or copy did not make a *primâ facie* case for the plaintiff, but the judge ruled that it did.

The jury found for the plaintiff; and the defendant alleged exceptions.

*G. M. Stearns*, for the defendant. 1. The whole evidence is stated, and it appears that the laws of Pennsylvania were not in the case. The effect of the record is to be judged, therefore, by our own law, and it must show a " final judgment of the court ; " and contain such statement as to imply " action of the judge and not merely of the clerk." *Knapp* v. *Abell*, 10 Allen, 485. In the case at bar, the papers show no trial or default, or assessment of damages, or adjudication. It was, therefore, error to rule that such a record made a *primâ facie* case for the plaintiff.

2. The court should have admitted upon the issue of service the evidence offered. The defendant is not " confined to a bare denial of the fact that service was made on him." He may show " his relation to the parties and cause of action." *McDermott* v. *Clary*, 107 Mass. 501.

3. The evidence offered was competent upon the issue of fraudulently procuring the judgment. The fact that the claim upon which the judgment was obtained was groundless and fictitious, tended to show that the judgment was obtained by imposition and misrepresentation. *Wilkinson* v. *Hall*, 6 Gray, 568.

4. It was competent to prove, in reply to the officer's deposition, what the facts were as tending to show which version of the disputed conversation was correct. *Commonwealth* v. *Howe*, 9 Gray, 110. The testimony of the officer was the narration of a confession of the existence of facts that bore upon the question of service. The defendant was entitled to prove that those facts did not exist, and to show that the bill was not all right and one that was a fair cause of action. *Commonwealth* v. *Howe*, 2 Allen, 153.

*H. B. Stevens*, for the plaintiff.

MORTON, J. It is not now denied that the record of the Court of Common Pleas for Luzerne County in the State of Pennsylvania, offered in evidence by the plaintiff, was duly authenticated according to the statutes of the United States and of this Commonwealth. U. S. Sts. 1790, *c.* 11 ; 1804, *c.* 56. Gen. Sts. *c.* 131, § 61. It is not extended with the formality and accuracy required in the records of our own courts, but it is sufficient in substance and contains all the essential requisites of a judicial record. It shows the parties to the suit, the subject matter of the suit, jurisdiction over the parties, a final judgment of the court for fixed sums in damages and costs and the date of the judgment. *Knapp* v. *Abell,* 10 Allen, 485. It was therefore rightly admitted in evidence.

It appeared at the trial in the Superior Court, that at the time the suit in Pennsylvania was commenced and at the time judgment therein was rendered, both parties were residents of that state and subject to the jurisdiction of its courts. The record of the former suit shows that personal service was made upon the defendant. As the court had jurisdiction of the subject matter and of the parties, the judgment was conclusive against the defendant in Pennsylvania, and it is difficult to see how he could, by removing to another state, acquire the right to impeach it by proof that no service was made on him, or that it was fraudulently obtained. *Carleton* v. *Bickford,* 13 Gray, 591. *Ewer* v. *Coffin,* 1 Cush. 23. *Hall* v. *Williams,* 6 Pick. 232. But it is not necessary to decide that question. The Superior Court ruled that the record made a *primâ facie* case for the plaintiff, and permitted the defendant to introduce evidence upon the issues of service of the original writ upon him, and of fraud in obtaining the judgment. Upon those issues, the defendant offered to show that he did not owe the plaintiff anything, and the court properly rejected the evidence. It has no tendency to contradict the return of the officer, whose duty it was to serve the writ without any inquiry as to the justice of the claim. The ground that the defendant did not owe the debt should have been taken in the former suit. Upon this the judgment is conclusive, and the defendant cannot re-try the merits of the case, by alleging that it was fraudulently obtained

Nor was this evidence made admissible by the fact that Barton in his deposition stated that when he served the writ upon the defendant, the defendant said that the claim was all right and he intended to pay it. This statement was upon a point which was collateral and immaterial, and does not give the defendant the right to prove that there was no cause of action upon which the judgment was founded. The other exception to the exclusion of testimony that the defendant had property in Pennsylvania which might have been taken on the judgment, is not insisted on, and is groundless. *Tracy* v. *Maloney*, 105 Mass. 90.

*Exceptions overruled.*