ANNA K. GILMAN & another *vs.* GEORGE F. GILMAN.

Suffolk. November 14. — 25, 1878. COLT & MORTON, JJ., absent.

In an action upon a judgment recovered against the defendant in another state, he may plead and prove, notwithstanding any recitals in the record thereof, that he was not duly served with process, and did not authorize an attorney to appear for him, in the action in which the judgment was rendered; and an attachment and levy of execution upon the defendant's property in the state in which the judgment was recovered will not make the judgment binding upon him personally.

CONTRACT upon a judgment recovered by the plaintiffs against the defendant in the Supreme Judicial Court of Maine. Answer, " that said court never had or acquired jurisdiction of the person or property of the defendant so as to make the judgment set out a valid judgment."

At the trial in this court, before *Colt*, J. without a jury, the

plaintiffs put in evidence a duly certified copy of the judgment declared on, and partial satisfaction of the same on execution, by which it appeared that no personal service was made on the defendant, who was a citizen of New York, but that an attachment of his property was made, and an order of notice to him duly published; that thereupon the defendant appeared by attorney and answered to the action; and that the action was continued from term to term for a period of about sixteen months, when the attorney withdrew his appearance, and the defendant was defaulted.

The defendant was permitted, against the objection of the plaintiffs, to introduce evidence upon which the judge found as a fact that the appearance of the attorney was without authority from the defendant. The plaintiffs asked the judge to rule that full faith and credit should be given to the judgment; that the record should be held to be conclusive; that it was not to be controlled by parol or other evidence; and that, if the appearance of the attorney was unauthorized, the defendant's remedy was in the court in which the record existed, and not in this court. But the judge refused so to rule; and found for the defendant. The plaintiffs alleged exceptions.

*S. C. Maine & J. E. Carpenter*, for the plaintiffs.

*R. D. Smith & M. M. Weston*, for the defendant, moved for double costs.

GRAY, C. J. It has been often decided by this court, that the record of a judgment of a court of another state is entitled to full faith and credit in this Commonwealth, under art. 4, § 1, of the Constitution of the United States, only when the court had jurisdiction of the cause and of the parties; and that the defendant, when sued upon the judgment here, may plead and prove, notwithstanding any recitals in the record thereof, that he was not duly served with process, and did not authorize an attorney to appear for him, in the action in which the judgment was rendered. *Gleason* v. *Dodd*, 4 Met. 333. *Phelps* v. *Brown*, 9 Cush. 390. *Carleton* v. *Bickford*, 13 Gray, 591. *McDermott* v. *Clary*, 107 Mass. 501. It is only in the case of a domestic judgment that the defendant is put to his writ of error. *Bodurtha* v. *Goodrich*, 3 Gray, 508. *Finneran* v. *Leonard*, 7 Allen, 54. *Hendrick* v. *Whittemore*, 105 Mass. 23, 28. *Brainard* v. *Fowler*, 119 Mass. 262. 265.

The same view of the effect of a judgment of a court of one state, when sued on in another, has been affirmed, upon full consideration, by the Supreme Court of the United States, in two recent decisions, in one of which the court said that "the party assailing the judgment should have shown that the counsel who appeared was not employed by the defendant," and in the other, that "in the case of non-residents, like that under consideration, personal service cannot be dispensed with, unless the defendant voluntarily appears." *Thompson* v. *Whitman*, 18 Wall. 457, 464. *Knowles* v. *Gaslight & Coke Co.* 19 Wall. 58, 62.

The attachment and levy of execution upon the defendant's property in the State of Maine did not make the judgment binding upon him personally. *Woodward* v. *Tremere*, 6 Pick. 354. *Boyd* v. *Urquhart*, 1 Sprague, 423.

*Exceptions overruled, with double costs.*