JOSEPH R. SEGARS *vs.* SAMUEL SEGARS.

Lincoln. Opinion April 3, 1884.

*Executors and administrators. Practice. Stat. 1877, c. 181.*

When a party to a suit dies while it is pending before the law court, and the death has not been suggested on the docket at the time of the receipt of the certificate from the law court, the only course authorized by stat. 1877, c. 181, is an application to a justice of the court to have it carried forward to a subsequent term.

A citation to an executor is prematurely issued when the death of the party is suggested in vacation, and the citation is issued before and made returnable to the earliest subsequent term.

A citation to an executor should be served by a competent officer. An acknowledgment of service by an attorney is not sufficient if not followed by an actual appearance in court.

A citation to an executor must be served at least fourteen days before the term to which it is returnable. A citation made returnable at a certain day in the term, after the first, and served fourteen days before that day, is not sufficient.

ON REPORT.

This action was tried at the April term, 1880, before a jury who brought in a verdict for nine hundred eighty-seven dollars and sixteen cents, and went to the law court on the defendant's motion and exceptions. The defendant died September 7, 1880. The certificate from the law court was received December 24, 1880, and the death of the defendant was suggested in vacation, December 29, 1880. At the April term of the probate court, 1881, the will of the defendant was probated and Wesley Segars

was appointed executor, filed his bond and received letters testamentary. April 11, 1881, citation was issued to the executor in vacation, on application of the plaintiff, which was returned at the April term, 1881, with a written acknowledgment of service; the executor did not appear and the plaintiff filed a motion for judgment, and the case was reported to the law court by the presiding justice. October 16, 1882, on application of the plaintiff, a second citation to the creditor was issued, served by an officer and made returnable October 31, 1882. The executor made no appearance and was defaulted, and the plaintiff filed a second motion for judgment. The presiding justice being doubtful whether the proceedings had been such as to authorize an entry of judgment reported the case to the law court.

*A. P. Gould*, for the plaintiff.

DANFORTH, J. R. S., c. 77, § 16, as amended by ch. 181 of the acts of 1877, provides that "in all cases where a party to a suit dies while the action is pending before the law court and no suggestion of such death has been made upon the docket of the county where the action is pending, at the time the certificate of decision is received by the clerk of the court in such county, any justice of the Supreme Judicial Court may, in term time or vacation, order such action to be brought or carried forward on such county docket to a subsequent term of the court in such county, in order that such death may be suggested upon the docket, and the proper party or parties entitled to defend or prosecute such suit may enter their appearance therein, and that judgment in said action may be entered up at such subsequent term, in accordance with such certificate from the law court."

The facts in this case so far as they relate to the first motion, bring it within the terms of the statute. The suggestion of the death of the defendant had not been made upon the docket when the certificate was received. It could not be made in vacation by authority of the statute, but the only course authorized, is an application to a justice of the court to have it carried forward to a subsequent term, that it might then be made and an opportu-

nity given to the legal representative to come in voluntarily and thus save the expense of a citation. For this purpose R. S., c. 87, § 7, gives this privilege to the representative until the second term after such death or his appointment, and only authorizes a citation in case of a neglect to come in at such term, and after due notice, judgment to be entered.

Here the suggestion of the death of the party was not only made in vacation but the citation was issued. before the earliest subsequent term, and made returnable at such earliest term, and at a time when the action had not been ordered by the proper authority to be carried forward, and was not therefore legally upon the docket. ·The citation was therefore prematurely issued and is of no effect.

The 38th of the rules of 1874 is applicable only when an action is pending and actually upon the docket, and not to a case like this which has virtually gone from the docket, and which can be restored only by some action of the court or a justice thereof, in accordance with the provisions of the statute. If it were otherwise intended, the statute of 1877, subsequently passed, being inconsistent with it, would operate as a repeal, and since that it has been omitted from the revision of the rules in 1881.

Another insuperable difficulty is a want of a legal service of the citation. In order to render a valid judgment, it is necessary that the court should have not only jurisdiction of the subject matter of the suit but of the person, and in order to acquire that jurisdiction of the person it is necessary that he should be served with the proper process in the mode pointed out by the statute. No such service has been had in this case. True there is an acknowledgment of service upon the process, but no proof of its genuineness, and a judgment entered upon such an acknowledgment would be open to all the defences which might be raised to an action upon a simple contract. The acknowledgment is not by the party himself but by an attorney who does not appear to have been an attorney of record and therefore no proof of his authority and if there were, the writing affords no proof of the "due notice" to the executor which the law requires. In *Gleason* v. *Dodd*, 4 Met. 333, where there was an appearance in court by

an attorney of record it was held that the record furnished only *prima facie* evidence of his authority. Here neither the principal nor attorney puts himself upon the records of the court. This acknowledgment is not an appearance in court. Were it so, that would be a submission in fact to the jurisdiction of the court and one which could be authenticated by the record. *Thornton*. v. *Leavitt*, 63 Maine, 384. Unless there is an actual appearance the statute contemplates in such cases a service by a competent officer, one whose acts in that respect authenticated by a written return, are entitled to full faith and credit, such as will of itself be evidence of the acts done and thus be full protection to the clerk and all others who are instrumental in entering up a judgment founded thereon. Whether the acknowledgment is genuine and such as will furnish protection cannot be known until an adjudication be had thereon and such adjudication cannot be had as a preliminary to the judgment, for the necessary party is not in court. This insufficiency might be waived by an actual appearance in court, for that would give a record which would be a protection but in no other way. It is not enough for a party to consent that the court may take jurisdiction of his person; there must be the necessary legal proceedings to bring him within that jurisdiction or an actual submission to it.

At the time the second citation was issued, it may be conceded that from the previous action of the court, the action was properly restored to and brought forward upon the docket. But this citation appears to have been issued without an order from the court, and if it were otherwise it was not served in due season. It bears date October 16, 1882, was served the same day and the court to which it was made returnable began its session on the twenty-fourth of the same month. True, the citation was made returnable on the thirty-first of the month, which if authorized would give the required notice. But for this we find no authority. Rule 38, if it could have had any application or any validity under existing statutes, was not then in force. By its omission in the revision of the rules in 1881 it was repealed. This question then must be decided by R. S., c. 82, § 30, which provides that "service of the summons shall be made upon the executor four-

·teen days before *the term* to which it is made returnable," and between the service and that term there were eight days only.

*Default off. Action to stand
for further proceedings.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.

SYMONDS, J., concurred in the result.