AMERICAN TUBE AND IRON COMPANY *vs.* ROSWELL P.
CRAFTS & others.

HENRY. M. ATWOOD & others *vs.* SAME.

Middlesex.    January 12, 1892. — May 7, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Action on Foreign Judgment — Jurisdiction — Evidence.*

If two actions brought by different plaintiffs against the same defendants, upon
judgments of the court of another State, are by agreement of the parties tried
together, no general exception to evidence can be supported, if such evidence
is competent against either defendant in either case, for any legitimate purpose.

Where two actions of contract were brought against the same defendants upon the
judgments of the court of another State, it was *held* that a duly certified copy
of the record of one of the original cases, including a transcript of the testimony
taken before the master appointed by the court, was a proper mode of proving·
that the testimony was in fact taken in the original case, and what the testi--
mony was, if competent.

Where the evidence of the defendants in two actions on judgments of the court of
another State was in substance that they never knew or supposed that a certain
attorney was acting for them in the original cases, or that they were in court
individually, the testimony of one of them before a master in one of the origi-
nal cases was *held* to be competent as bearing upon the question whether he
had or had not individually submitted himself to the jurisdiction of the court.

CONTRACT, upon judgments of the Court of Common Pleas in
Pittsburgh, Allegheny County, Pennsylvania.    The two actions
were tried together, by agreement of parties, before *Sherman, J.*
The jury returned verdicts in both cases against the defendants,
Crafts and Foote, and they alleged exceptions.    The facts
appear in the opinion.

*G. D. Robinson,* for the defendants.

*L. L. Scaife,* (*B. G. Davis* with him,) for the plaintiffs.

ALLEN, J.    The question in this case is quite narrow.    We
think it must be assumed that the two defendants against whom
alone verdicts were rendered, Foote and Crafts, though residents
of Massachusetts, and though not personally served with process
in Pennsylvania in the original suits against them, were person-
ally present in court or at hearings, and that an attorney entered
an appearance for them as defendants, in those suits; and that

the court there assumed to exercise jurisdiction and to render judgment against them on the ground that they as defendants appeared personally or by attorney.

The full records of the cases were before the Superior Court at the trial, but they have not been laid before us. There is, however, nothing to show that the above matters were denied by these defendants at the trial, though both of them were witnesses. It is stated in the bill of exceptions that the only issue for the jury was, whether or not the defendants Crafts and Foote had employed or authorized counsel to appear for them in the court in Pennsylvania, or had ratified the action of counsel in assuming to appear for or to defend them, or whether by their acts or conduct in Pennsylvania, or by their appearance in court or at the hearings in the original cases, they had individually submitted themselves to the jurisdiction of the Pennsylvania court.

It is not controverted that the Court of Common Pleas in Pennsylvania, by which the judgments were rendered, was a court of general jurisdiction ; and it is probable that the full records of the cases show that the court proceeded on the ground that the defendants appeared personally or by attorney ; but even if the records are silent upon that point, still there is a *prima facie* presumption in favor of the jurisdiction arising from the action of the court. *Galpin* v. *Page*, 18 Wall. 350, 365. Whether the records expressly showed the jurisdictional facts or not, in either case the burden rested upon the defendants to show that no jurisdiction existed, and this they might do by showing that they were non-residents, that no service was made upon them within the State of Pennsylvania, that they never appeared as defendants in the cases either personally or by attorney, and that if an attorney entered an appearance for them he had no authority to do so, and that his act was never ratified by them. *Gleason* v. *Dodd*, 4 Met. 333. *Bodurtha* v. *Goodrich*, 3 Gray, 508. *Carleton* v. *Bickford*, 13 Gray, 591. *Bissell* v. *Wheelock*, 11 Cush. 277. *Knapp* v. *Abell*, 10 Allen, 485. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, 273. *Gilman* v. *Gilman*, 126 Mass. 26. *Thompson* v. *Whitman*, 18 Wall. 457.

By agreement of the parties, the two present actions brought upon the Pennsylvania judgments were tried together, and

therefore no general exception to evidence can be supported if the evidence excepted to was competent against either defendant in either case, for any legitimate purpose.

In the case of the American Tube and Iron Company the record, it is stated, was very voluminous, and contained amongst other things a transcript of the testimony taken before the master appointed by the court. The master was appointed by the Pennsylvania court as "examiner and master, to take the testimony and report the facts, with the form of a decree." At the trial in the Superior Court in this Commonwealth the plaintiff's attorney proposed to read certain portions of the record which set forth testimony given before the master in Pennsylvania. The defendants objected thereto, "upon the ground that it was not competent to introduce as a part of the record the testimony given in the hearing in equity, and such report of the testimony constituted no proper part of the true record in said case ; and further, because such testimony if introduced would bear upon the merits of the original causes of action, and would not only be immaterial, but might tend to prejudice the defendants before the jury." The court overruled this objection, and the plaintiffs thereupon read to the jury the testimony of Foote, one of the defendants. To this was prefixed the title of the case, and the following words: "And now December 7th met pursuant to adjournment at office of C. C. Dickey, No. 100 Diamond Street, Pittsburgh. Present, William H. Foote and R. P. Crafts of defendants in person, and by their counsel, Major A. M. Brown," and also one of the plaintiffs and his counsel.

In the due course of proceedings, the appearance of the attorney for the defendants must already have been entered, before the appointment of the master and examiner to take the testimony, and therefore the master's certificate that these two defendants were present in person and by their counsel at the time when one of them gave his testimony really added nothing of substance to what, as we must suppose, appeared otherwise. Besides, if a court takes the testimony which is to be considered in a case by means of a master and examiner appointed for that purpose, and he in taking and returning the testimony makes a certificate to show who were present at the taking, this is in the line of his official duty ; and when the same is received

and acted upon by the court, and made a part of the record of the case, in the manner usual in the State where the proceedings are had, it becomes entitled to credit as a statement of a part of the judicial proceedings in the case. The certificate of the prothonotary identifies the return of the testimony by the examiner as that which was taken and received and acted upon in the case then pending. *Goodrich* v. *Stevens*, 116 Mass. 170. There was no proof or suggestion that the method of making up the record was contrary to the law or usage in Pennsylvania. On the other hand, the authentication was admitted to be in due form. Certainly we must now assume that there was nothing irregular or unusual in the mode of making up the record. In some jurisdictions, the record of a suit in chancery embraces the whole proceedings. 1 Greenl. Ev. § 511. Although the usage here is different, it is not for us to prescribe rules to be followed in making up the records of judgments and decrees in other States. *Knapp* v. *Abell*, 10 Allen, 485. The document in question became a part of the record. The whole record was admitted as a piece of evidence without objection, and this part of it might rightly be read to the jury as a recital affecting the question of jurisdiction. It was not conclusive, but it was competent, just as a recital in that part of the record written out by the prothonotary, that the defendants appeared in court personally and by their attorney, would be competent, though open to rebuttal. *Gilman* v. *Gilman*, 126 Mass. 26.

The defendants' chief objection however is not to the caption prefixed to the testimony, but to the introduction of the testimony itself, and this objection is urged both to the form of the proof, and to the substance of the testimony itself.

So far as the merely formal objection is concerned, it seems to us that a duly certified copy of the record of the case, including such testimony, was a competent mode of proving in the courts of this Commonwealth the fact that the testimony was in fact taken in the case, and also of proving what the testimony of the witness was; providing the testimony itself is open to no objection as to its substance. In respect to the form and mode of proof, it is within the meaning of the Rev. Sts. of the U. S. § 905, which provide for the proof of the records and judicial proceedings of the courts of any State or Territory. 1 Greenl.

Ev. §§ 505, 506, 516, and cases cited. A certified copy of a paper which is a part of the proceedings in a cause is usually the proper way to prove it. *Potter* v. *Tyler*, 2 Met. 58, 64.

In respect to the objection to the substance of the testimony, it is to be observed that depositions which contain or imply admissions are receivable in evidence, like any other admissions, against the deponent when he is a party. 1 Greenl. Ev. § 552. Taylor, Ev. § 1754. The testimony which was put in evidence was the testimony of the defendant Foote, taken at Pittsburgh, Pennsylvania, to be used in a case pending in the county of Allegheny in that State, in which he was one of the defendants, and the testimony was given in behalf of the defendants in that suit, to all appearance voluntarily, and without raising any objection to the jurisdiction of the court over him as a defendant. This testimony identified him as one of the persons interested in the Hite Natural Gas Company, Limited. The action in Pennsylvania was brought against him and the other defendants on the ground that they were liable under the law of Pennsylvania as general partners under the name of the Hite Natural Gas Company, Limited. The evidence of the defendants at the trial in the Superior Court in this Commonwealth being in substance that they never knew or supposed that Brown, the attorney, was acting for them, or that they were in court individually, the testimony of Foote as taken in Pennsylvania was competent to be considered as bearing upon the question whether he had or had not individually submitted himself to the jurisdiction of the court in Pennsylvania.

Further than this, it is not necessary to go. If the evidence was competent against Foote for any purpose, no exception lies to its admission. No instructions were requested as to the purposes for which it might be considered. The presiding judge virtually offered to give instructions upon that subject, intimating plainly his opinion that it was not competent for all purposes. In point of fact he did give certain instructions upon that aspect of the case, and no other instruction was requested. The only exception taken was to the admission of that portion of the record. Since it was admissible as having some bearing upon the question of the jurisdiction of the court over Foote, without considering other aspects of the question, the entry must be,                                     *Exceptions overruled.*