### PAUL TOURIGNY *vs.* ULDORIC HOULE.

### York.    Opinion February 3, 1896.

*Judgment. Pleading.*

The record of a foreign judgment is prima facie evidence of an indebtedness, and in the absence of proper plea and proof that shall overcome the presumptions in its favor it is sufficient to sustain an action of debt.

ON EXCEPTIONS.

This was an action of debt to recover the amount claimed to be due upon an alleged judgment rendered in the superior court for the Province of Quebec, District of Arthabaska.

Plea, nul tiel record.

The case was tried before the presiding justice in this court below without a jury.

The plaintiff introduced an exemplified copy of the record.

The defendant introduced no evidence.

The presiding justice ruled that the evidence was sufficient to prove the plaintiff's case, and gave judgment for the plaintiff.

No question was made but that the parties named in the writ and those in the documentary evidence are identical.

The defendant excepted to these rulings.

*Frank Wilson*, for plaintiff.

A judgment by default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment, as one rendered after answer and contest. *Last Chance Mining Co.* v. *Tyler Mining Co.* 157 U. S. 683.

A judgment of a court will always be presumed to be regular, (5 Eng. and Am. Ency. p. 496 h, and cases there cited,) and a judgment erroneously entered is valid until revised. *Drexel's Appeal*, 6 Pa. St. 272.

In the case of a suit to enforce a foreign judgment, the rule is, that the foreign judgment is to be received in the first instance as prima facie evidence of the debt; and it lies on the defendant to impeach the justice of it or to show that it was irregularly and unduly obtained. 2 Kent Com. p. *120; 12 Eng. and Am. Ency. p. 147 m.

A foreign judgment is conclusive upon the merits, and can be impeached only by proof that the court in which it was rendered had no jurisdiction of the subject matter of the action, or of the person of the defendant, or that it was procured by means of fraud. *Dunstan* v. *Higgins*, 138 N. Y. 70.

In this case it was within the province of the defendant to have shown (if such was the case) that the defendant in the original action did not have personal service, which he elected not to do.

*Asa Low and Leroy Haley*, for defendant.

In proving a judgment for the purposes of an action thereon, whatever is made a part of the judgment roll should be proved. Abbott's Trial Evidence, page 537, and cases there cited.

A certified copy of all the papers in the case with a like copy of the record entitled "Judgment roll on failure to answer," which simply contains the names of the court, county, and parties — without showing personal service on defendant,— will not support an action against defendant without proof that by the laws of

that state such judgment might properly be rendered.  *Knapp* v. *Abell*, 10 Allen, p. 485.

There is no evidence in this case, either verbal or as a matter of record, showing that the defendant in the original suit in the foreign jurisdiction was served with process, or had any notice whatever of the original suit, or that the law authorized judgment in such cases.  No legal service was proved, and the foreign court, therefore, acquired no jurisdiction of the person.  Such want of service is fatal to this action.

This is clearly shown in *Knapp* v. *Abell*, supra.  (The original judgment in this case was joint, and the evidence showed service on but one defendant.  Held, fatal.)

In the case of *Barringer* v. *King*, 5 Gray, p. 9, the whole opinion of the court goes to show that the court rendered judgment for plaintiff only after being satisfied by the evidence in the case that service in the original suit was made on the defendant.

Our State will not consider a judgment of its own, rendered in a suit where the defendant had no actual notice, as the basis of an action.  *Eastman* v. *Wadleigh*, 65 Maine, 251.

SITTING:  PETERS, C. J., WALTON, HASKELL, WISWELL, STROUT, JJ.

HASKELL, J.  Debt upon a foreign judgment.  Plea nul tiel record.  If the suit had been upon a domestic judgment rendered by a court of general jurisdiction, the only issue of fact raised by the plea would have been whether the record existed, to be proved by an authenticated copy of it; and if rendered by such court in this State, jurisdiction would have been conclusively presumed in all cases between the parties to it, whether it so appears upon the record or not.  *Treat* v. *Maxwell*, 82 Maine, 76.  If the record negative the jurisdiction, or if it had not been extended as in *Penobscot Railroad Co.* v. *Weeks*, 52 Maine, 456, and the original papers do so, then the supposed judgment is void.  The same presumption arises prima facie as to foreign judgments.  1 Greenl. Ev. § 546.  If, therefore, the validity

of the judgment in suit had been denied for fraud, want of jurisdiction, reversal, release, or execution done, the defense should have been interposed by appropriate plea, and the presumption overcome by evidence.

Nul tiel record is said to be an inappropriate plea to suits upon foreign judgments, inasmuch as they do not create a merger, and are only primia facie evidence of an indebtedness. Either debt or assumpsit may be maintained upon them, or upon the original indebtedness, if appropriate to those remedies, and the general issue in such cases is nil debet or non assumpsit as the case may be, and puts in issue both the validity of the judgment and of the debt. *Bissell* v. *Briggs*, 9 Mass. 462; *Buttrick* v. *Allen*, 8 Mass. 273; *McKim* v. *Odom*, 12 Maine, 94; *Bank* v. *Butman*, 29 Maine, 19; *Jordan* v. *Robinson*, 15 Maine, 167; *Rankin* v. *Goddard*, 54 Maine, 28; 55 Maine, 389; *Hall* v. *Williams*, 6 Pick. 232; *Gleason* v. *Dodd*, 4 Met. 333; *Wood* v. *Gamble*, 11 Cush. 8; *Carleton* v. *Bickford*, 13 Gray, 591; *Finneran* v. *Leonard*, 7 Allen, 54; *Gilman* v. *Gilman*, 126 Mass. 26; *Walker* v. *Witter*, 1 Doug. 1; *Galbraith* v. *Neville*, 5 East, 75; *Buchanan* v. *Rucker*, 1 Camp. 63; *Harris* v. *Saunders*, 4 B. & C. 411; *Christmas* v. *Russell*, 5 Wall. 290; *Hanley* v. *Donoghue*, 116 U. S. 1-7; *Hilton* v. *Guyot*, 159 U. S. 113 (1895); *Ritchie* v. *McMullen* (1895), 159 U. S. 235.

*Exceptions overruled.*