HENRY WELLS v. SADIE A. FOSS.

January Term, 1908.

Present:    ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed   March 2, 1908.

*Mortgages—Foreclosure—Sum Due in Equity—Parol Evidence as to True Character of Mortgage—Attorney and Client— Death of Client—Effect on Attorney's Authority—His Right Subsequently to Collect Costs of Suit.*

In a suit in equity to foreclose a mortgage purporting to secure defendant's note for $200, the orator was properly allowed to show by parol evidence that the note and mortgage were really given to secure $100 that defendant then owed the orator, and also as indemnity for becoming bail, by way of recognizance for defendant, for $50 in each of two suits theretofore brought by her.

The death of the principal instantly terminates the power of the agent, unless coupled with an interest; and this rule applies to the relation of attorney and client, unless modified by special contract.

In a suit in equity to foreclose a mortgage given as indemnity to the orator for becoming bail for costs in suits brought by defendant, in which she was subsequently defeated and the costs taxed and allowed against her, but no execution therefor ever issued, it appeared that, after the death of the recovering party, no administrator of his estate having been appointed, upon the demand of his attorney in said suits, but against defendant's protest, the orator paid said costs to that attorney, believing he was obliged to do so. *Held*, that the authority of the attorney to collect the costs

was terminated by the death of his client, whose personal representative was thereafter alone authorized to demand and receive payment thereof; and as orator's payment to the attorney was not justifiable, it was not secured by the mortgage.

The orator's claim that the attorney had a lien on the judgments for his services and disbursements in said suits, and so had a right to demand and receive payment of the costs from the orator, is not considered; for the record shows only the attorney's employment, with no finding as to whether, when the orator paid him the costs, the attorney had unpaid charges for services and disbursements.

APPEAL IN CHANCERY. Heard on pleadings, master's report, and exceptions thereto, at the March Term, 1907, Washing County, *Miles*, Chancellor. This is a petition to foreclose two mortgages. No question is raised in respect of the first mortgage, "the Cole mortgage." All the material facts regarding the second mortgage, the "Wells mortgage," are stated in the opinion. Defendant's exceptions to the master's report overruled, and decree for the orator, *pro forma*, for the amount found due by the master on the "Cole mortgage," and for one hundred dollars found due on the "Wells mortgage," with interest from January 1, 1905, and also the seventy-five dollars found by the master to have been paid by the orator, as the costs mentioned in the opinion, with interest thereon since August 29, 1904. The defendant appealed.

*John G. Wing* for the orator.

The parol evidence merely showed what was the true consideration of the Wells mortgage, and was clearly admissible for that purpose. *Smith* v. *Ide*, 3 Vt. 290; *Phelps* v. *Stewart*, 12 Vt. 256; *Patchin* v. *Smith*, 23 Vt. 292; *Troy Academy* v. *Nelson*, 24 Vt. 180; *Gregory* v. *Gleed*, 33 Vt. 405.

The attorney to whom the orator paid the costs had the right to demand and receive the same, as he had a lien on the judgments for his services and disbursements, regardless of the death of his client. *Weed Sewing Machine Co.* v. *Boutelle*, 56 Vt. 570; *Hurlburt* v. *Brigham*, 56 Vt. 368.

*H. C. Shurtleff* for the defendant.

WATSON, J. Concerning the Cole mortgage and the sum due in equity thereon no question is made.

At the date of the other mortgage the defendant was owing the orator one hundred dollars, which sum was included in the note secured by that mortgage. This sum with interest thereon since January 1, 1905, is due on the note without question. The note was given for two hundred dollars. The mortgage was executed to Herbert A. Wells, but all the transactions which entered into it were had between the parties to this case. In fact, the orator always owned the note and the mortgage, and they were formally assigned to him by the nominal mortgagee. The orator was permitted to introduce parol evidence, subject to objection, tending to show that the note was given for two hundred dollars, secured by the mortgage, not only to cover the debt due from the defendant to the orator, but also for the purpose of securing the orator for becoming bail by way of recognizance for the defendant, for fifty dollars in each of two suits theretofore brought by her. The ground of the exception to the report is that the evidence tended to vary the terms of the note and mortgage. Its tendency was to show the true character of the mortgage, and it was properly received. *Morrill* v. *Morrill*, 53 Vt. 74.

Judgment was rendered against this defendant in both suits, and costs were taxed and allowed against her, for which the orator was liable on his recognizances, in one fifty dollars, and in the other twenty-three dollars and seven cents. These costs not having been paid by her, the attorney for the recovering party demanded payment of orator, and he on August 29, 1904, paid them to the attorney. At the time of this payment the recovering party had deceased and there was no personal representative. The payment was made against the protest of this defendant, she claiming to the orator that he ought not to pay the attorney because the party was deceased and no administrator had been appointed on his estate. No execution was ever issued on the judgments; nor was suit brought against the orator for the costs, yet he paid them believing he was obliged to do so. It is urged that the orator was not obliged to make payment until after execution had been issued against this defendant and returned with a return of *non est inventus;*

that no execution could issue against her until letters of administration had been taken out on the decedent's estate; that no payment to the attorney could discharge the liability to the estate; that the payment made by the orator was voluntary and gives no right of action against this defendant.

The law is established beyond question that the death of the principal instantly terminates the power of the agent, unless coupled with an interest, and that all subsequent dealings with the agent are void and of no effect. *Davis* v. *Windsor County Bank*, 46 Vt. 728; *Michigan State Bank* v. *Estate of Leavenworth*, 28 Vt. 209; *Michigan Ins. Co.* v. *Leavenworth*, 30 Vt. 11. This rule applies to the relation of attorney and client except when governed by some special contract between them. The power of the former is terminated by the death of the latter. *Palmer* v. *Reiffenstein*, 1 Man. & G. 94; *Gleason* v. *Dodd*, 4 Met. 333; *Risley* v. *Fellows*, 5 Gilm. 531. In the case last cited it was held that the authority of an attorney, having no personal interest in the collection, to receive payment of the sum collected by a sheriff on an execution was revoked by the death of his client; and from that time, the legal right to the money was vested in the personal representative in whose name alone it could be demanded and proceedings instituted for its recovery; that the sheriff could not safely do otherwise than retain the funds until demanded by the personal representative; that the demand therefor by the attorney established no official delinquency, for his authority to receive the money being at an end, the demand was nugatory.

It is urged, however, that the attorney had a lien on the judgments for his services and disbursements in the two suits, and that this was a sufficient justification to the orator for the payment made. Whatever the effect might be upon the orator's rights here were facts found from which the law would imply such a lien, the record shows only the attorney's employment. Whether at the time of the payment of the costs to him he had unpaid charges for services and disbursements under that employment there is no finding.

If the orator would rely upon the fact that the attorney had such a personal interest in the judgments as gave him the right to demand and receive payment of the costs after the death of his client, it devolved on him to show it. Not having done so, the general rule applies. From the facts found therefore

it cannot be said that the payment was justifiable in law. This being so, the master does not find that the amount so paid was intended to be or was secured by the mortgage. Consequently it forms no part of the sum due in equity.

*Decree affirmed and cause remanded with directions to alter the decree so as to exclude from the sum due in equity on the mortgage to Herbert A. Wells the amount paid by the orator as costs under his said recognizances. Let a new time of redemption be fixed. The defendant to recover her costs in this Court.*