Parker, C. J.
It appears very clearly, that, when this decree was passed, there was no statute in force, authorizing the allowance of alimony in cases of divorce. The only question, therefore, is, whether it is void, or voidable only by writ of error. * Generally, judgments which are erroneous stand in force and may be executed, or may be enforced by action of debt, until reversed ; and they cannot be avoided on account of error, collaterally or by plea.
But this doctrine is applicable only to judgments of courts which proceed according to the course of the common law ; for on such only will writs of error lie. With respect to judgments of other courts, they may be avoided for error by plea, as is shown in the case of Smith vs. Rice. (2)
A writ of error could not be sustained to reverse this decree ; because the Court, in passing it, did not exercise their ordinary common law jurisdiction, but proceeded according to the principles of ecclesiastical tribunals, having special authority committed to them for that purpose.
The declaration showing no sufficient cause of action, judgment must be for the defendant.

Defendant’s plea gcod.

 11 Mass. Rep. 514.