S. B. WILLOCK *vs.* EDWIN E. WILSON & another.

Suffolk.    November 13, 1900. — February 28, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In an action on a judgment rendered in another State, the plaintiff offered in evidence a document purporting to be a copy of the record of the court that rendered the judgment, the attestation of which was signed " A. B. Clerk District Court, by C. D., Deputy Clerk." It was also signed by the judge of the court, who certified that A. B. was the clerk of the court and keeper of the records and seal thereof at the time of attestation, and that the certificate was in A. B.'s handwriting and that the attestation was in due form and made by the proper officers. *Held*, that the attestation did not comply with the requirements of U. S. Rev. Sts., § 905, because the certificate was not signed by the clerk; and that this defect was not cured by the certificate of the judge that the attestation was made by the proper officers, as all he could certify to under the statute was that the attestation was in due form. *Held, also*, that the attestation was not good under Pub. Sts. c. 169, § 67, as it did not appear that the deputy clerk who signed the certificate was the officer having charge of the records of such court.

CONTRACT on a judgment obtained in the District Court of Shawnee County, Kansas, Third Judicial District, by the plaintiff, a resident of the State of Missouri, against Edwin E. Wilson, of this Commonwealth, and William B. Johnson, of the State of Vermont, copartners, having a usual place of business in Boston in this Commonwealth. Writ dated August 14, 1899.

At the trial in the Superior Court, before *Hardy*, J., the plaintiff offered in evidence a certificate of the proceedings in the Kansas court, but no transcript or copies of any of the papers in the case. It was not contended that any service was made upon the defendants in the original action, but there was an appearance of attorneys for the defendants, as set forth in the certificate; and there was evidence tending to show that the defendant Wilson authorized his attorney to appear for the partnership and look after his interests in the action, and the judge found that such was the fact. The defendant was not himself present in court at the trial of this action, but there was evidence tending to show that he was in Boston about his business at the time of trial. The certificate of proceedings purported to be attested by the clerk of the above named Kansas court, but was signed " A. M. Callaghan, Clerk District Court, by J. F. Curtis, Dep. Clerk." There was also a certificate of the judge of the court that A. M. Callaghan was the clerk of that court, but no certificate or other verification as to J. F. Curtis, who signed the certificate, and no signature or certificate by A. M. Callaghan. There was a third certificate purporting to be by " A. M. Callaghan, Clerk of the District Court of the Third Judicial District of Shawnee County in the State of Kansas," that the judge signing the preceding certificate was the judge of that court. This certificate was also signed " A. M. Callaghan, Clerk District Court, by J. F. Curtis, Deputy Clerk." These certificates were under the seal of the Kansas court. The certificate of the judge was as follows :

" State of Kansas, Shawnee County, ss. I, Z. T. Hazen, Judge of the District Court in and for the county and State aforesaid, and of the Third Judicial District, do hereby certify that A. M. Callaghan, whose name is subscribed to the foregoing certificate of attestation, now is, and was at the time of sealing the same, the clerk of said court whereof I am the judge,

and the keeper of the records and seal thereof, duly elected, commissioned and qualified as such clerk. The signature to the above certificate is in his handwriting, and said attestation is in due form of law and made by the proper officers. In witness whereof, I have hereunto set my hand, at Topeka in said State and county, this second day of March, 1899. Z. T. Hazen, Judge of the District Court." The seal of the court was attached.

No other evidence was offered at the trial in proof of the judgment. No service was made upon the defendant Johnson, in this action, and the plaintiff discontinued as to him and was allowed to proceed against the defendant Wilson alone. It did not appear that the defendant Johnson had authorized any appearance for himself in the Kansas suit, but the alleged record recited that the defendants appeared by their attorneys. The alleged decree of the Kansas court was against " E. E. Wilson and W. B. Johnson, partners."

The defendant objected to the admission of the certificate of proceedings in evidence, but the judge admitted it and the defendant excepted. The defendant requested the judge to rule that upon all the evidence the plaintiff was not entitled to recover.

The judge refused so to rule and found for the plaintiff; and the defendant, Wilson, alleged exceptions.

*J. E. Kelley,* for Wilson.

*E. C. Bates,* for the plaintiff.

HAMMOND, J. This is an action on a judgment rendered by a court in the State of Kansas against the defendant Wilson of this Commonwealth and one Johnson of the State of Vermont, copartners, having their usual place of business in Boston in this Commonwealth. The action in the Kansas court was begun by an attachment of certain partnership property. In the present action the plaintiff discontinued as against Johnson, and was allowed to proceed against Wilson alone. To this Wilson excepted.

At the trial the plaintiff offered in evidence a certificate of the proceedings in the Kansas court, but no transcript or copies of any of the papers in the case. It was not contended that any service was made in the original action upon the defendants, but

there was an appearance of attorneys for them; and there was evidence tending to show, and the court found, that the defendant Wilson authorized the attorneys to appear for the partnership and also to look after his individual interest in that action. The defendant was not personally present in court at the trial of this action, but there was evidence tending to show that he was then in Boston about his business. A certificate of the proceedings in the Kansas court was admitted against the objection of the defendant, and he excepted.

The first objection made by the defendant is that the judgment record of the proceedings of the court of a sister State should bear upon its face some evidence that the court from which it purports to come is one of general and not of inferior jurisdiction. As a short answer to this objection it might be said that the certificate of the proceedings is not made a part of the bill of exceptions, and we do not know what it bears upon its face. We cannot therefore say that the court was in error in finding that the Kansas court was one of general jurisdiction. *Knapp* v. *Abell*, 10 Allen, 485.

The next objection is that the certificate of the proceedings is an incomplete and imperfect record, inasmuch as it does not show the existence of a writ, or the subject matter of the suit, or that there was any jurisdiction over it, or the defendants, or that there was any service of process or any issue joined. Here again it might be said that the certificate is not before us, and we cannot tell what it contains.

There is, however, among the pleadings in this suit, what the declaration alleges to be a certified copy of the record of the court in the suit in which the judgment was obtained, and we suppose that to be the certificate to the admission of which as evidence the defendant at the trial excepted. Assuming this to be so, we proceed to discuss the merits of these objections.

Upon an examination of the certificate it is seen that it purports to be a record of proceedings " in the District Court in and for the County of Shawnee and State of Kansas." The title of the case is " S. B. Willock, Plaintiff, *vs.* E. E. Wilson and W. B. Johnson, partners as Wilson & Johnson, Defendants." It recites that on October 11, 1898, the parties appeared for trial, " the plaintiff appearing in person and by his attorney

J. J. Schenck, and the defendants appearing by their attorneys A. Bergen and A. W. Dana "; that a jury was impanelled " to try this cause "; that they were sworn and took their seats in the jury box; that evidence was put in, and that the jury, after hearing all the evidence offered by the parties and the instructions of the court as to the law in the case, retired under the charge of a " sworn bailiff " to consider as to their verdict; and that after due consideration they returned their verdict into open court in favor of the plaintiff against both defendants, and assessed damages in the sum of $381.84, whereupon judgment was ordered by the court upon the verdict, together· with costs taxed at a certain sum. Here, then, is a trial before a jury, where evidence is presented, and the jury are instructed, all as in a court of common law of general jurisdiction. The defendants appear and fully try the case and submit it to a jury without any exception, so far as appears, to the jurisdiction of the court over the subject matter of the suit, or over them as parties defendant. In the absence of any evidence to the contrary, the fair inference is that the appearance was a general appearance.

In this action against these defendants upon that judgment, this record was amply sufficient to justify a finding that the court was one of general jurisdiction; that it had jurisdiction over the subject matter of the suit, and also over the defendants, either because proper service had been made upon them or because they voluntarily entered a general appearance for the purpose of trying the case upon its merits; that an issue was joined and tried before a jury, who found for the plaintiff; and that the judgment was rendered on the verdict. *Brainard* v. *Fowler*, 119 Mass. 262. Moreover, as respects the existence of a writ and the beginning of the action, it is stated in the bill of exceptions that the action in the Kansas court was begun by an attachment of personal property, which was afterwards applied by the court in part payment of the judgment. The case is clearly distinguishable from *Phelps* v. *Brewer*, 9 Cush. 390, upon which the defendant relies. In that case, which was an action upon a judgment obtained in a court in Connecticut against a firm, it was decided that the defendant Brewer, a resident in this Commonwealth during the time of the original action, was not bound by the judgment. The ground of the

decision was that no service was ever made upon him, and no person ever had authority to appear in that action for him, either as a partner or as an individual.

The defendant further objected 'to the admission of the certificate upon the ground that it was not properly authenticated, because it does not appear that the judge who signed it was the sole or presiding justice of the court, and because the attestation of the records is made by the deputy clerk. The federal statute upon this subject requires that the records shall be proved " by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form." U. S. Rev. Sts. § 905. The officers are the judge and the clerk. The judge in his certificate in this case says that Callaghan is the " clerk of said court whereof I am the judge." He uses the definite article " *the* judge," in the very language of the statute, and the fair inference is that he is the sole judge of the court and the proper person to sign the attestation.

· But the certificate as to the records is not signed by the clerk but by a deputy clerk. The statute requires that the attestation shall be made by the clerk. An attestation by a deputy clerk is not within its terms. 1 Greenl. Ev. § 506. *Morris* v. *Patchin,* 24 N. Y. 394. *Sampson* v. *Overton,* 4 Bibb, 409. *Lothrop* v. *Blake,* 3 Penn. St. 483. *Ensign* v. *Kindred,* 163 Penn. St. 638. And that would be so, even if the State in which the court existed had given to the deputy clerk the same power to certify as to the clerk. To hold otherwise, would leave it in the power of the State to change the federal statute in respect to the persons who should certify the records under it, or, in other words, to modify or control an act of Congress where by the Constitution of the United States that act was supreme. *Lothrop* v. *Blake,* 3 Penn. St. 483.

Nor is this defect cured by the certificate of the judge that the attestation is in the handwriting of the clerk, and that the attestation is made by the proper officers. The only thing to which under the statute the judge can certify is that the " attestation is in due form." This is a certificate simply that in the attestation the forms in use in the State from which the record comes have been observed, and this is necessary because

the courts of one State do not officially know the forms in use in another State. The certificate of the judge as prescribed by the statute is that the attestation of the clerk is in due form, but he is not authorized to 'certify that the certificate of the deputy clerk is of equal validity with that of the clerk in the State where made. *Morris* v. *Patchin, ubi supra.* It follows that the record was not attested by the proper officer, and that it was not admissible under the federal statute.

But that statute was passed for the purpose of prescribing the kind of ' proof of the existence of a record of a court in one State upon which a sister State might insist before it could be called upon to give to the record the full faith and credit imposed by the federal Constitution; and it is well settled that the method of authentication therein prescribed is not exclusive. Neither the federal Constitution nor the statute forbids the States from authorizing the proof of records in other modes in their own State courts, providing always of course that the State statute if put into force shall not have the effect of excluding a record authenticated according to the requirements of the federal statute. 1 Greenl. Ev. § 505. *Kingman* v. *Cowles,* 103 Mass. 283.

It remains to be seen whether the record was admissible under our own statute, which, so far as material, is as follows : " The records and judicial proceedings of any court of another State . . . shall be admissible in evidence . . . when authenticated by the attestation of the clerk, prothonotary, or other officer having charge of the records of such court, with the seal of such court annexed." Pub. Sts. c. 169, § 67. It is not necessary under this statute that there should be any certificate by the judge of the court, although in *Capen* v. *Emery,* 5 Met. 436, his certificate under seal of the court that the court in which the judgment was rendered was abolished and the records transferred to his court was taken as evidence of those facts. The clerk is the proper custodian of the records of a court, and the seal of the court attached to his certificate attests the possession of the records in the person who certifies, and a record so certified is admitted under our statutes without further proof.

But where the certifying officer is other than the clerk, it should appear by the certificate or otherwise that he has " charge

of the records." *Kingman* v. *Cowles, ubi supra.* The person attesting the records in this case is the deputy clerk acting in the name of the clerk. It should therefore be made to appear somewhere that the deputy clerk is in charge of the records. Upon looking into the attestation it appears that they are under the custody of the clerk, and the judge certifies under the seal of the court that the clerk is " the keeper of the records and seal," and it is nowhere stated that the records are at any time in the custody of the deputy clerk. The attestation, therefore, does not appear to have been made by the person having the charge of the records within the meaning of Pub. Sts. c. 169, § 67.

It is true that the judge certifies that the signature is in the handwriting of Callaghan the clerk, and that the attestation is in due form and made by the proper officers. We hardly see how it happened that if the clerk desired to make an attestation himself and was present with pen in hand to do it, he concluded to affix the name of the deputy clerk so as to make it appear not as his own personal act but as that of his deputy acting for him ; and the most natural explanation of the judge's certificate is that he took a printed form to be used by him when the attestation was signed by the clerk and inadvertently signed it without erasing or modifying the printed clause. At any rate, even if we are to consider the certificate of the judge as evidence of the statements therein contained, it still appears that the attestation is in form and in law not the clerk's own personal act but the act of his deputy in the name of the clerk. The further statement of the judge that the attestation is in due form and made by the proper officers, especially when taken in connection with the statement that the clerk is the keeper of the records, falls far short of a statement that the person personally making the attestation, namely the deputy clerk, is the one having charge of the records.

The result is, that the attestation did not meet the requirements of the federal or State statute and the record was not admissible.

In permitting the case to go on against Wilson alone, no service having been made on Johnson, a non-resident, no error in law appears. Pub. Sts. c. 164, § 14.

*Exceptions sustained.*