GEORGE MAKORIOS *vs.* H. V. GREENE COMPANY, INC.

GEORGE NAKARIAS *vs.* SAME.

Suffolk.    May 24, 1926. — June 30, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Judgment,* Of another State.    *Variance.*

The record of a judgment of a court of a sister State, necessary for proof of the judgment in an action upon it in a court of this Commonwealth, "need not state all the proceedings in detail; it is enough that it shows the subject matter of the suit, jurisdiction over the parties, and the final judgment of the court."

If such record states that the defendant appeared and pleaded, and that issue was joined, and no evidence is offered to control such recital, the presumption of regularity of the judgment is controlling.

The mere fact that, in the caption of such a record, the clerk of the court of such State called the defendant "Co." instead of "Company," constituted no material variance where the name, following that of the plaintiff in the body of the record, is stated as "Company."

TWO ACTIONS OF CONTRACT upon judgments alleged to have been rendered by the Superior Court of the State of New Hampshire. Writs in the Municipal Court of the City of Boston dated November 1, 1924.

In the Municipal Court, there were findings for the plaintiff in the sums respectively of $196.70 and $175.92, and the judge reported the actions to the Appellate Division, who ordered the reports dismissed. The defendant appealed.

The cases were submitted on briefs.

*B. J. Killion, F. S. DiMento, & G. F. Mitchell,* for the defendant.

*J. D. Taylor & A. Leonard,* for the plaintiffs.

BRALEY, J. The plaintiffs, who are residents of New Hampshire, having recovered judgments against the defendant in that State which have not been satisfied, bring these actions of contract to recover the respective amounts.

It is settled that, where, as in the cases at bar, the court of another State which rendered judgment had jurisdiction of the parties and of the cause, the judgment is entitled to full faith and credit in this Commonwealth. The record of the judgments which are duly authenticated is *prima facie* evidence of jurisdiction and every presumption is to be made in favor of the regularity of the proceedings. *Gleason* v. *Dodd,* 4 Met. 333, 337. *Van Norman* v. *Gordon,* 172 Mass. 576. *Willock* v. *Wilson,* 178 Mass. 68, 74. G. L. c. 233, § 69. While they show that the parties appeared, no copy of the writ with a return of service appears. The record, however, "need not state all the proceedings in detail; it is enough that it shows the subject matter of the suit, jurisdiction over the parties, and the final judgment of the court." *Knapp* v. *Abell,* 10 Allen, 485, 488. The record states that the defendant appeared, pleaded, and issue was joined, and, it having offered no evidence to control these recitals, the

presumption of regularity stands.  *Turner* v. *Columbian National Life Ins. Co.* 232 Mass. 224, 230.

The writs in the present actions run against "H. V. Greene Company, Inc." while in the record of the judgments the defendant is designated as "H. V. Greene Co. Inc."  But there is no material variance, even if the caption, made by the clerk of the judgments, states that the action is against "H. V. Greene Co. Inc."  The name of the defendant, which follows the name of the plaintiff in the first paragraph of each record, reads "H. V. Greene Company, Inc."  The answers were a general denial, and the context of the records show complete identity of names, which also was evidence of the identity of the defendant.  *Commonwealth* v. *Donovan,* 13 Allen, 571, 572.

It follows that the records were not incomplete, nor was there a material variance as the defendant contends, and the trial judge not only properly admitted the evidence, but rightly denied all the defendant's requests.

The order of the Appellate Division dismissing the report is,

*Affirmed.*