Doris E. Seltmann *vs.* Walter F. Seltmann.

.Plymouth.   April 5, 6, 1948. — April 30, 1948.

Present: Qua, C.J., Dolan, Ronan, Wilkins, & Spalding, JJ.

*Probate Court*, Jurisdiction, Equity proceeding.   *Marriage and Divorce,*
Foreign divorce, Alimony, Support of child.

General Laws (Ter. Ed.) c. 215, § 6, as amended by St. 1933, c. 237, did
not confer upon a Probate Court jurisdiction of a petition in equity
by a woman, divorced in another State, against her former husband,
a resident of this Commonwealth, to enforce in accordance with its
terms provisions of the foreign decree of divorce requiring payments
by the respondent for support of the petitioner and of a minor child.

PETITION IN EQUITY, filed in the Probate Court for the county of Plymouth on December 23, 1946.

The case was heard by *Stone*, J.

*F. D. Branca,* for the respondent.

*S. Fishman,* (*J. S. Aronson* with him,) for the petitioner.

DOLAN, J.   The allegations of the petition in this case, which was filed in the Probate Court, are in substance as follows.   The petitioner is a resident of Rutherford in the State of New Jersey.   The respondent (as appears in his answer and found by the master) is a resident of Whitman in this Commonwealth.   The parties had been man and wife but were divorced by a decree entered March 10, 1939, in the Superior Court of Fulton County in the State of Georgia. By the terms of that decree the respondent, in accordance with an agreement of the parties approved by the court, was ordered to pay the sum of $60 a month for the support of a minor child, and $40 a month for the support of the petitioner, payments to begin on April 1, 1939.   The respondent has failed to comply with these orders for support, and is in arrears "for an amount in excess of four thousand dollars . . . plus interest."   The material prayers of the petition are that the order of the Georgia court be enforced and the respondent ordered to support the petitioner and their minor child in accordance with the terms of the said Georgia decree, that the amount in arrears be ascertained, that an appropriate order be made to compel payment of said arrearage together with interest thereon, and for such other and further relief as seems fit.   In his answer the respondent denied the allegations of the petition, and set up that, if it should be found that a decree of divorce had been granted as alleged, he has since remarried, his financial and physical condition has changed, the minor child before referred to is living with her maternal grandmother, the petitioner is gainfully employed and no longer dependent upon alimony for her support, the object of the orders for payment of alimony has ceased, and he "is absolved from the further payment of any portion of said alimony remaining unpaid."

The case was referred to a master who reported thereon, finding in substance the facts as to the entry and terms of the decree of divorce relied upon by the petitioner, and that certain payments had been made by the respondent in accordance with the terms of the agreement which had been

made a part of the decree of divorce, but that he was in arrears and there was due to the petitioner the sum of $3,120 for her support from May 1, 1940, through October 31, 1946, and the sum of $874.68 for the support of the minor daughter for the years 1941 to 1945, inclusive, with interest upon each of said sums. In view of the result we reach hereinafter, other findings concerning the needs of the petitioner and the minor child and the financial condition of the petitioner and of the respondent need not be recited. The report of the master was filed on March 19, 1947. On April 17, 1947, the respondent filed a motion that the petition be dismissed for the reason that the Probate Court was without jurisdiction of the subject matter. After hearing the motion was denied by the judge on May 26, 1947. On June 3, 1947, the judge entered a final decree adjudging in substance that there was due to the petitioner for her support and that of the minor child the sums found due by the master, together with interest totaling $869.40, and ordering the respondent to pay said sums and the interest forthwith to the petitioner. The judge further decreed that the respondent pay forthwith the sum of $1,500 to counsel for the petitioner as costs and expenses. The respondent's appeal from the interlocutory decree denying his motion to dismiss and his appeal from the final decree entered by the judge bring the case before us.

In support of her contention that the Probate Court had jurisdiction to entertain and adjudicate the present petition, the petitioner relies upon the provisions of G. L. (Ter. Ed.) c. 215, § 6, as amended by St. 1933, c. 237, which so far as here pertinent provides that the Probate Courts "shall also have jurisdiction in equity to enforce foreign judgments for support of a wife or of a wife and minor children against a husband who is a resident or inhabitant of this commonwealth, upon petition of the wife filed in the county of which the husband is a resident or inhabitant." We need not consider other contentions of the petitioner that the decree of divorce in question is final and not subject to modification under the law of the State of Georgia and that the petitioner has a right to sue on the decree itself, since we

are of opinion that the Probate Court has not jurisdiction of the present proceeding.

Statute 1933, c. 237, was enacted on June 6, 1933, subsequent to the decision of this court of the case of *Weidman* v. *Weidman*, 274 Mass. 118. In that case a bill in equity was brought by the wife of the defendant for payment of a judgment entered in the Supreme Court of the State of New York, consisting of a temporary order for her support and counsel fees, pending determination of a proceeding for annulment of marriage brought by the husband. In that case it appeared that the parties were still husband and wife when the proceeding was brought and heard, and it was held in substance that the only legal obligation to be gathered from the allegations of the bill was a judgment debt, that the ordinary means for collecting such a debt was by action at law, that an action at law would not lie between husband and wife, that there could be no resort to equity to collect such a debt "save where special equitable relief, such as a creditor's bill, is sought" (page 122), that as no special grounds for a suit in equity or for equitable relief were set out in the bill, the suit could not be maintained, and that the Federal Constitution (art. 4, § 1) did not require a State "to set up a court for the purpose of enforcing judgments of courts of other States when by its own system of jurisprudence and its judicial establishment no remedy of the kind sought is afforded to anybody" (page 124).

It is to be assumed that when St. 1933, c. 237, was enacted the Legislature was familiar with the decision of this court in the *Weidman* case, and that it was the intention of the Legislature to provide relief in such cases, despite the continued existence of the marital relation between the parties, where the husband against whom the judgment for support had been entered in a court of competent jurisdiction without this Commonwealth was or had become a resident or inhabitant of this Commonwealth. The language of the statute is precise to that effect. It is clear and unambiguous. It provides for petition of the wife for enforcement of a foreign judgment for the support of a wife, or of a wife and children, against a husband who is a resident of this Com-

monwealth, to be filed in the county of which he is a resident or inhabitant. That it was the intention of the Legislature that the operation of the statute was to be limited to cases where the marital relationship still continued is further demonstrated by the fact that in the absence of such relationship a remedy at law would be available and adequate. *Schillander* v. *Schillander*, 307 Mass. 96, 98. *Whitney* v. *Whitney*, 316 Mass. 367, 372.[1] See *Weidman* v. *Weidman*, 274 Mass. 118, 123–124.

We conclude that the Probate Court had no jurisdiction of the present case. We treat the motion to dismiss for lack of jurisdiction filed in the Probate Court as in essence a plea to the jurisdiction. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 328. *Beaman-Marvell Co.* v. *Marvell*, 305 Mass. 246, 247. *Toy* v. *Green*, 319 Mass. 354, 357. It should have been sustained.

> *Interlocutory decree reversed.*
> *Final decree reversed.*
> *Petition dismissed without preju-*
>     *dice to such rights as the peti-*
>     *tioner may have to proceed as*
>     *to the subject matter by action*
>     *at law.*

---

[1] In the *Whitney* case, where the bill in equity was to enforce the terms of a separation agreement made between the parties when they were husband and wife but who had been divorced before the bringing of the bill, relief was granted, but it was pointed out that the objection of adequate remedy at law must be raised promptly and pressed consistently, and that since that had not been done the objection was waived (page 371).