LINETTA DE GATEGNO *vs.* PAUL DE GATEGNO.

Berkshire. September 26, 1957. — December 4, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Divorce,* Foreign divorce, Alimony, Decree. *Probate Court,* Jurisdiction. *Constitutional Law,* Full faith and credit, Divorce. *Jurisdiction,* Divorce. *Evidence,* Judicial notice.

Under G. L. (Ter. Ed.) c. 208, § 35, as amended by St. 1950, c. 57, a Probate Court had jurisdiction of a petition to enforce, against a resident of Massachusetts who had been divorced by the petitioner in another State, a provision of the foreign divorce decree ordering the respondent to pay alimony to the petitioner. [428–429]

A provision of a foreign divorce decree that "It is . . . ordered, adjudged and decreed that . . . [a] certain property settlement agreement of the parties hereto, executed . . . [by them and introduced in evidence in the divorce proceeding] be and the same is hereby ratified and approved, and each of the parties ordered to comply with the terms and conditions thereof," did not merely approve the agreement and admonish the parties to comply with it but commanded them to do so. [429, 430]

De Gategno *v.* De Gategno.

A provision of a foreign divorce decree ordering the parties to the divorce proceeding to comply with the terms and conditions of a property settlement agreement between them requiring the man to make periodic payments to the woman was entitled to full faith and credit in a proceeding by her against him in a Probate Court of Massachusetts to enforce that provision where it appeared that both appeared in the divorce proceeding and that the foreign court had jurisdiction to render the divorce decree. [429–430]

An allegation of a petition in a Probate Court to enforce payment of accrued monthly alimony installments due to the petitioner from the respondent under a Nevada divorce decree, that the "decree . . . has never been modified: that, in accordance with the laws of . . . Nevada, no future modification of the award of alimony payable in installments can affect accrued installments," was, on demurrer, a sufficient allegation of the finality of the decree. [430]

Where a foreign divorce decree ordered the parties to the divorce proceeding to comply with the terms and conditions of a property settlement agreement between them providing for periodic payments by the man to the woman, the fact that the payments were to be made "so long as" she should "remain unmarried" did not make the provision for payments unenforceable by her while she was still unmarried. [430]

There was no error in the entry by a Probate Court of a final decree in a suit in equity under G. L. (Ter. Ed.) c. 208, § 35, as amended by St. 1950, c. 57, reciting that the respondent owed the petitioner a certain sum as alimony under a Nevada divorce decree and ordering execution to issue without making a "finding" that the Nevada court was a court of competent jurisdiction where both parties appeared in the Nevada proceeding and there was nothing to rebut the presumption of the validity of the Nevada decree. [431]

In a suit in equity under G. L. (Ter. Ed.) c. 208, § 35, as amended by St. 1950, c. 57, in which the Probate Court entered a final decree ordering execution against the respondent in favor of the petitioner for the amount of accrued monthly alimony installments found to be due under a Nevada divorce decree without a finding that the Nevada decree was not subject to modification as to accrued alimony, this court under c. 233, § 70, took judicial notice that the applicable Nevada statute provided that "installment judgments for alimony . . . shall not be subject to modification as to accrued installments," and affirmed the decree of the Probate Court. [431]

PETITION IN EQUITY, filed in the Probate Court for the county of Berkshire on September 17, 1954.

The case was heard by *Hanlon, J.*

*J. Norman O'Connor, (Walter J. Donovan* with him,) for the respondent.

*John A. MacGruer, Jr.,* for the petitioner.

WILKINS, C.J.   The petitioner, a resident of New York

city, seeks to enforce against her former husband, a resident of Savoy in the county of Berkshire, a Nevada divorce decree for alimony. G. L. (Ter. Ed.) c. 208, § 35, as amended by St. 1950, c. 57. The respondent appealed from an order overruling his demurrer to the petition, and from a decree entered, after hearing, reciting that up to July 31, 1955, the respondent owes the petitioner $3,750, and ordering execution to issue.

In the report of material facts found by the judge, G. L. (Ter. Ed.) c. 215, § 11, as amended, it appears that the parties were married in the Free State of Trieste on November 7, 1932. They came to the United States in April, 1941, and took up residence in the State of New York. On March 19, 1948, in the Eighth Judicial District Court of the State of Nevada, in and for the county of Clark, a divorce decree absolute was granted to the petitioner; and the court further ordered, adjudged, and decreed that the parties comply with the terms of a property settlement agreement which they had executed prior to the divorce proceedings. One term was that the respondent pay the petitioner for her support and maintenance the sum of $250 monthly as long as she should remain unmarried. The petitioner is unmarried. The respondent, who remarried in 1949, and has two children by that marriage, failed to make payments for the fifteen months beginning with May, 1954, and continuing through July, 1955.

The demurrer was based on want of equity and lack of jurisdiction. In support of his demurrer the respondent contends that the petition does not set forth a foreign decree rendered by a court of competent jurisdiction awarding alimony. General Laws (Ter. Ed.) c. 208, § 35, as amended by St. 1950, c. 57, provides: "The court may enforce decrees, *including foreign decrees*, for allowance, alimony or allowance in the nature of alimony, in the same manner as it may enforce decrees in equity." The italicized words were added by amendment in 1950 to the statute substantially as it had stood since R. L. c. 152, § 31. The purpose of their introduction was undoubtedly to remove the effect

of the decision of this court in 1948 in *Seltmann* v. *Seltmann*, 322 Mass. 650. 35 Mass. L. Q. No. 2, page 36. See 34 Mass. L. Q. No. 4, pages 9–22. In *Weidman* v. *Weidman*, 274 Mass. 118, it had been held that the Probate Court was without jurisdiction to enforce a foreign decree for the support of a wife. Shortly thereafter, G. L. (Ter. Ed.) c. 215, § 6, was amended by St. 1933, c. 237, § 1, so as to give the Probate Court jurisdiction "to enforce foreign judgments for support of a wife." In the *Seltmann* case the 1933 amendment was held inapplicable where the marital relationship was terminated, because a remedy at law was "available and adequate" (page 654). There was jurisdiction in the Probate Court to enforce a foreign decree for alimony.

Turning to the Nevada decree annexed to the petition, we observe recitals that both parties appeared; that the plaintiff for six weeks was a bona fide resident of, and was domiciled in, that State, which had jurisdiction of the parties and of the cause of action; and that the allegations of the complaint were true. After dissolving the bonds of matrimony, the decree continued, "It is further ordered, adjudged and decreed that that certain property settlement agreement of the parties hereto, executed by the defendant herein on the 9th day of January, 1948, and by the plaintiff herein on the 26th day of January, 1948, an executed copy of which was introduced in evidence in the trial of this action, be and the same is hereby ratified and approved, and each of the parties ordered to comply with the terms and conditions thereof." The respondent argues that the decree does not unequivocally indicate that the agreement was incorporated therein, and queries whether the order of compliance was anything more than an admonition to the parties. The answer to this query most definitely is "Yes."

This court has never taken a lead in facilitating the acquisition of domicil for divorce based upon fleeting residence, whether with or without agreement. But we shall not falter in according full faith and credit to the decree of a sister State in circumstances as to which the Supreme Court of the United States has spoken. Under the decisions of that

court Nevada had jurisdiction to grant the divorce where both parties appeared, whatever the fact as to the petitioner's domicil. *Sherrer* v. *Sherrer*, 334 U. S. 343. *Coe* v. *Coe*, 334 U. S. 378. *Rubinstein* v. *Rubinstein*, 324 Mass. 340, 341–342. *Aufiero* v. *Aufiero*, 332 Mass. 149, 152. Should we fail to uphold the decree for alimony upon the interpretation advanced by the respondent, we would to that extent deny full faith and credit. It just is not true that the decree does no more than approve the agreement. This is not a case where the decree "did not command the respondent to do or refrain from doing anything." See *Hathaway* v. *Rickard*, 323 Mass. 501, 503–504. The question whether the agreement continues to exist or is merged in the decree is not presented. See *Welch* v. *Chapman*, 296 Mass. 487; *Schillander* v. *Schillander*, 307 Mass. 96; *Whitney* v. *Whitney*, 316 Mass. 367; *Reeves* v. *Reeves*, 318 Mass. 381; *Freeman* v. *Sieve*, 323 Mass. 652.

The contention is made that the petition lacks an allegation as to the finality of the decree. What the petition alleges is that the "decree of said District Court of Clark County, Nevada, has never been modified: that, in accordance with the laws of the State of Nevada, no future modification of the award of alimony payable in installments can affect accrued installments." This is a sufficient allegation against demurrer. See *Richards* v. *Richards*, 270 Mass. 113, 118; *McCabe* v. *McCabe*, 210 Md. 308, 311–312. We shall return to this general question in considering the decree on the merits.

The respondent argues that the Nevada decree is, on its face, unenforceable because it contains an order to the parties to "comply with the terms and conditions" of the property settlement agreement, and one of the provisions of that agreement is that payments were to be made "so long as your petitioner shall remain unmarried." We are referred to no authority sustaining such a proposition. We do not accept the contention. The petitioner is still unmarried, and no pretense is made that she has not carried out her obligations.

On the merits, the respondent first complains that the final decree was entered without a "finding" that the Nevada court was a court of competent jurisdiction. Such a recital was unnecessary. There "is a presumption of the validity of the Nevada decree. *Williams* v. *North Carolina*, 325 U. S. 226, 233–234. *Esenwein* v. *Commonwealth*, 325 U. S. 279, 280–281." *Rubinstein* v. *Rubinstein*, 324 Mass. 340, 341. *Cook* v. *Cook*, 342 U. S. 126, 128. *Sutton* v. *Leib*, 342 U. S. 402, 408. There is nothing to rebut the presumption. Both parties having appeared, it is difficult to conceive what could have constituted rebuttal, as there was jurisdiction on the authority of the *Sherrer* and *Coe* cases. Manifestly, after those decisions, nothing in *Bowditch* v. *Bowditch*, 314 Mass. 410, or in *Cohen* v. *Cohen*, 319 Mass. 31, can be cited as authority to the effect that the burden of proving that the Nevada court was a court of competent jurisdiction is on the petitioner.

Another ground of attack by the respondent is that the Probate Court erred in entering a decree without a finding that the Nevada decree was not subject to modification as to accrued alimony. We shall not pursue the abstract intricacies of this argument. We deem it our duty to decide this actual controversy. Even if not required to take judicial notice of the law of Nevada, which is said not to have been brought to the attention of the court below, we are nevertheless authorized to do so by G. L. (Ter. Ed.) c. 233, § 70. *Hiller* v. *American Telephone & Telegraph Co.* 324 Mass. 24, 27–28. At the date of filing the present petition the applicable Nevada statute was Nev. Comp. L. 1943–1949 Sup. § 9474.01, which provided that "installment judgments for alimony and support shall not be subject to modification as to accrued installments, but only as to installments not accrued at the time a motion for modification is filed." (See now and to the same effect Nev. Rev. Sts. Title 11, c. 125.170.) See *Sweeney* v. *Sweeney*, 42 Nev. 431, 438–439; *Schneider* v. *Second Judicial District Court*, 64 Nev. 26.

We are not disturbed at the plight of the respondent, who

took advantage of the Nevada decree in so far as it relieved him of his union with the petitioner, but who, having apparently overextended his marriage obligations, wishes to escape payments of the amounts ordered, as agreed, for her support. This is but a foreseeable consequence of a policy of quick and easy divorce.

*Interlocutory decree affirmed.*
*Final decree affirmed.*