*Southern Division*

**MILDRED W. HEYDT, PLAINTIFF**

**v.**

**CHARLES G. CUNNINGHAM, DEFENDANT**

**and**

**VIRGINIA C. WIPPERMAN, EXECUTRIX, TRUSTEE**

*Present:* Nash, P. J., Cox and Sgarzi, JJ.

Case tried to *Casey, J.,* in the Municipal Court of the West Roxbury District. No. 21507.

*Cox, J.* The plaintiff, a resident of Norwalk in the County of Fairfield and State of Connecticut, commenced this action by trustee process against her former husband to recover

the sum of $13,904. alleged to be due under a judgment recovered by her in an action of divorce in the Superior Court at Bridgeport in said County of Fairfield on July 12, 1945. The writ was served on the trustee on May 19, 1960. The trustee's answer disclosed that there was absolutely due and payable to the defendant (mistakenly referred to in the trustee's answer as the plaintiff) as one of the residuary legatees one quarter of the net estate of Cornelius F. Cunningham whose will was allowed in the Probate Court for Norfolk County, in this Commonwealth, on May 13, 1959.

No service has been made in this action upon the defendant who, by an attorney, appeared specially, and without submitting to the jurisdiction of the court, "but solely for the purpose and only so far as shall be necessary, in order to protect from peril his interest in the goods, effects, and credits in the hands of a trustee" moved to dismiss the action because no bond was filed, citing G. L. (Ter. Ed.) c. 246, §1, and demurred to the plaintiff's declaration on the ground that the matters therein contained are insufficient in law to enable the plaintiff to maintain her action.

After a hearing, the judge, to whom a memorandum of the applicable Connecticut law had been furnished by counsel, overruled the defendant's demurrer and dismissed his motion to dismiss. The judge allowed eighteen of the defendant's twenty-two requests for

rulings and denied four — Nos. 11, 12, 13 and 22.

Claiming to be aggrieved, the defendant, still appearing specially by his attorney, claimed a report. The judge, being of the opinion that these interlocutory matters ought to be reviewed by the appellate division before any further proceedings, reported them for our determination. G. L. c. 231, §108. Rule 29 of the District Courts (1952).

In support of his demurrer and consistently with his requests for rulings which the judge denied, the defendant contends that the copy of the Connecticut judgment declared upon is not properly authenticated; that there is no allegation as to the power of the Connecticut court to hand down the judgment which is the basis for the plaintiff's action; and that the Connecticut judgment is not final and therefore not entitled to full faith and credit in Massachusetts.

G. L. (Ter. Ed.) c. 233, §69 provides that "The records and judicial proceedings of a court of another state or of the United States shall be admissible in evidence in this commonwealth, if authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal."

The judgment, a copy of which is attached to the plaintiff's declaration, bears the seal of that court but is certified by the deputy clerk. It is recognized that "The clerk is the proper custodian of the records of a

court, and the seal of the court attached to his certificate attests the possession of the records in the person who certifies, and a record so certified is admitted under our statutes without further proof.

"But where the certifying officer is other than the clerk, it should appear by the certificate or otherwise that he has 'charge of the records'." *Willock v. Wilson,* 178 Mass. 68, 74, 75. In that case the attestation of court proceedings in a Kansas court by a deputy clerk was rejected in Massachusetts because it did not appear that the deputy clerk was in charge of the court records. Accordingly, in the case before us we would have to reject the certificate of the assistant clerk of the Connecticut court as an insufficient authentication of the judgment because no where does it appear that the assistant clerk had charge of the records. But, there is an additional fact to be considered. There is another certificate which follows the first, bearing the court's seal, which identifies the divorce action by title and docket number and under date of May 3, 1960 reads as follows: "I, J. Leo Campana, Clerk of Superior Court, in and for Fairfield County, at Bridgeport, do hereby certify that the judgment of divorce entered in the captioned cause on July 12, 1945, has never been modified, altered, or changed in any respect.

"In witness whereof I have hereunto set my hand and the seal of this Court at Bridgeport, Connecticut, this 3rd day of May, 1960.

(Signed) J. Leo Campana Clerk of Superior Court."

We conclude that the document in question is proof of the Connecticut judgment for it is authenticated by the attestation of J. Leo Campana, clerk, and bears the court seal. G. L. (Ter. Ed.) c. 233, §69. *Willock v. Wilson,* 178 Mass. 68, 74, 75. For a very similar situation, see *C. v. Rondoni,* 333 Mass. 384. If doubts remain they may, of course, be resolved by the simple expedient of amending the declaration by annexing another certificate of the Connecticut judgment in form beyond objection.

 We proceed to the principal question relating to the authority of the Connecticut court to hand down the judgment on which the plaintiff bases her action and whether it is a final judgment entitled to full faith and credit in Massachusetts. See *Page v. Page,* 189 Mass. 85.

An allegation that the Superior Court in Connecticut was a court of competent jurisdiction would appear to be unnecessary. There is a presumption of the validity of its judgment. *De Gategno v. De Gategno,* 336 Mass. 426, 431. The authenticated judgment before us "is *prima facie* evidence of jurisdiction and every presumption is to be made in favor of the regularity of the proceedings. *Gleason v. Dodd,* 4 Met. 333, 337. *Van Norman v. Gordon,* 172 Mass. 576. *Willock v. Wilson,* 178 Mass. 68, 74. G. L. c. 233, §69. . . . . The

record, however 'need not state all the proceedings in detail; it is enough that it shows the subject matter of the suit, jurisdiction over the parties, and the final judgment of the court.' *Knapp v. Abell,* 10 Allen, 485, 488." *Makorios v. H. V. Greene Company, Inc.,* 256 Mass. 598, 599.

The record in the instant case states that the defendant, a resident of Norwalk, Connecticut, was served in Connecticut with the writ and complaint in the divorce action as appears by the officer's return endorsed thereon, and having heard the plaintiff, the court made findings in the plaintiff's favor, and on July 12, 1945 divorced the parties; awarded custody of their children, Charles G. Cunningham, born December 5, 1940, and Linda Cunningham, born June 30, 1942, to the plaintiff; and ordered the defendant to pay the plaintiff alimony of $10. per week and $12. per week for the support of the minor children. The clerk certified on May 3, 1960 that said judgment of divorce entered on July 12, 1945 has never been modified, altered or changed in any respect. Presumption of regularity of the Connecticut proceedings stands. *Makorios v. H. V. Green Company, Inc.,* 256 Mass. 598. *Tucker v. Columbian National Life Ins. Co.,* 232 Mass. 224, 230. *De Gategno v. De Gategno,* 336 Mass. 426, 431.

G. L. c. 233, §70 provides that our courts shall take judicial notice of the laws of another state. However, both counsel have advised us

as well as the judge who heard the case, of the law of Connecticut, and it is clear that the Superior Court in that state has jurisdiction of divorce actions. The principal question is not that of the court's jurisdiction but whether the judgment is a final judgment entitled to full faith and credit in Massachusetts. *Page v. Page,* 189 Mass. 85. In this connection counsel have assisted us with applicable Connecticut law. The general statutes of Connecticut, Revision of 1958, provides in section 46-21, that the superior court may assign alimony to any woman divorced by such court. "Any order for the payment of alimony from income may at any time thereafter be set aside or altered by such court." Section 46-23 empowers the court to make orders for the custody, care and education of children of the marriage, and at any time thereafter, to amend or vary such orders. Both counsel cite the case of *Christiano v. Christiano,* 131 Conn. 589, 41 Atl. (2nd) 779 (1945). In that case there was a judgment of divorce and an order against the defendant to pay alimony of $15. weekly. Later on the defendant moved to amend the order for payment of alimony. The court allowed the motion and revoked the order. Still later, the plaintiff moved for reinstatement of the order for payment of alimony. The motion was denied and the plaintiff appealed. The Supreme Court of Connecticut observed that the judgment of modification was not to eradicate the provision for alimony in the original judg-

ment. "To give it such a construction would mean that payments of alimony previously made had no proper foundation." We think it is clear, that the Connecticut judgment requiring the payment of alimony and support is effective until modified and to that extent final, even though such modification would follow upon the remarriage of the wife to another man. *Cary v. Cary,* 112 Conn. 256.

It appears to us that the original judgment in Connecticut for the payment of alimony and support is final as to all payments accruing under the judgment until it shall have been modified by the court and to that extent entitled to full faith and credit in this commonwealth.

We are guided to this result by *De Gategno v. De Gategno,* 336 Mass. 426, 431, because of the similarity of the Nevada law there considered to that of Connecticut that accrued installments of alimony payable under a divorce judgment from which no appeal was taken are not subject to modification and are final. In that case our court did not falter in according full faith and credit to a Nevada decree awarding alimony and allowing a wife to recover in Massachusetts the accrued payments due under the Nevada decree. See also *Wells v. Wells,* 209 Mass. 282. The wife, in the De Gategno case, had not remarried and therefore sought recovery in the probate court under G. L. (Ter. Ed.) c. 209, §35, as amended by St. 1950, c. 57 which authorizes the probate court to "enforce decrees, includ-

ing foreign decrees for allowance, alimony, or allowance in the nature of alimony, in the same manner as it may enforce decrees in equity."

In the case before us, the wife has remarried and may bring an action at law which is a remedy "available and adequate". *Seltmann v. Seltmann,* 322 Mass. 650; *De Gategno v. De Gategno,* 336 Mass. 426, 428, 429.

This being an action on a judgment entitled to full faith and credit in this commonwealth, no bond for costs is required under the provisions of G. L. c. 246, §1 and there was no error in the dismissal of the defendant's motion to dismiss on that ground.

In our opinion the demurrer was rightly overruled.

An order should be entered dismissing the report.

Eugene J. Galligan of Canton, for the Plaintiff.

Harry Philip Edwards of Boston, for the Defendant.