GLORIA T. GOSSELIN vs. RUSSELL N. GOSSELIN.

Essex.    January 9, 1973. — March 8, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Divorce,* Alimony, Foreign divorce.  *Statute,* Construction.

G. L. c. 208, § 34, confers no authority on a Probate Court of Massachu-
setts to decree alimony upon a petition therefor by a woman after a
divorce granted in another State. [147-149]

PETITION filed in the Probate Court for the county of Essex on December 3, 1970.

The case was heard by *Pettoruto,* J.

*Elliot E. Rosenberg (John F. Lombard* with him) for the petitioner.

*Joseph D. Casey* for the respondent.

KEVILLE, J.    In 1966 in the Probate Court for Essex County, the petitioner obtained a decree of separation from the respondent with an order of custody and support for their minor children. The order was modified several times thereafter. On April 4, 1967, the respondent obtained a divorce from the petitioner in Reno, Nevada. That decree gave custody of the children to the petitioner with an order for their support but with no order for alimony. The respondent has remarried and lives in New Hampshire.

On the strength of the respondent's Nevada divorce the petitioner now seeks alimony under the provisions of G. L.

c. 208, § 34, which reads as follows: "Upon a divorce, or upon petition at any time after a divorce, the court may decree alimony to the wife, or a part of her estate, in the nature of alimony, to the husband." The respondent asserts that "divorce" in § 34 refers to domestic divorce and that therefore alimony may not be granted in this jurisdiction after a divorce obtained elsewhere.

Although the award of alimony rests upon the common law obligation of a husband to support his wife (*Davis* v. *Davis,* 279 Ala. 643, 644), authority of the courts of this Commonwealth to grant alimony is purely statutory. *Davol* v. *Davol,* 13 Mass. 264. *Weidman* v. *Weidman,* 274 Mass. 118, 123. That authority was first granted in St. 1785, c. 69.

As a statute which imposes a duty and establishes a right not recognized at common law, § 34 and its predecessors are to be strictly construed. *Corcoran* v. *S. S. Kresge Co.* 313 Mass. 299, 303. "The courts have consistently held legislation derogative of the common law accountable to an exactness of expression, and have not allowed the effects of such legislation to be extended beyond the necessary and unavoidable meaning of its terms." *Scharfeld* v. *Richardson,* 133 F. 2d 340, 341 (D. C. Cir.). Decisions dealing with § 34 and with similar language in earlier versions of our divorce statute are few and they shed little light on the issue before us. The statement relied upon by the respondent in *Page* v. *Page,* 189 Mass. 85, 87, to the effect that the statutes authorizing allowance of alimony apply only to those cases in which divorce is granted in Massachusetts, is dictum only, the matter before that court being not a petition for alimony but an application to recover arrears of alimony claimed to be due under a Maine divorce decree granted to the petitioner.

Decisions under similar statutes in other jurisdictions are inconclusive. See *Schwarz* v. *Schwarz,* 27 Ill. 2d 140, where an Illinois statute providing for alimony "after the entry of a decree for divorce" was held to include a divorce granted in a foreign jurisdiction, and *Hughes* v. *Hughes* 125 N. J. Eq. 47, limiting the application of similar language in a New Jersey statute to domestic divorce.

We turn to its early statutory antecedents to construe the language of § 34. See *Davis* v. *School Committee of Somerville,* 307 Mass. 354, 361; Sutherland, Statutory Construction (3d ed.) § 5201, p. 530. They confine authority to grant alimony after divorce to the court which granted the divorce itself and thus demonstrate a legislative intent to limit that authority to domestic divorce. Provisions for alimony *subsequent* to divorce were first inserted by St. 1853, c. 23 § 1, which reads as follows: "The Supreme Judicial Court shall have power, after any decree of divorce shall have been granted *by the said court* . . . to make at any time . . . any such decree of . . . alimony . . . as the *said court* might have made in the original suit" (emphasis supplied). In 1860 (Gen. Sts. c. 107 §§ 44 and 48) the following language was used: "Sect. 44. When a divorce is decreed . . . *the court granting it* may decree alimony to the wife . . .. Sect. 48. The supreme judicial court, after a decree of divorce has been granted . . . may . . . make such decree respecting alimony . . . as *it* might have made in the original suit" (emphasis supplied). Statute 1873, c. 371, § 7, limited the power to grant alimony to the *court granting* the divorce.

Provisions for alimony after divorce in the statutes from 1882 forward[1] are couched substantially in the language of § 34. They reveal no positive intent to extend to our courts jurisdiction to grant alimony on the basis of foreign divorce.

An examination of related sections of the divorce statute (G. L. c. 208) is also revealing. They are to be viewed *in pari materia. People ex rel. Killeen* v. *Kankakee School District No. 11,* 48 Ill. 2d 419. *Pritel* v. *Burris* 94 N. J. Super. 485. Sections of the same chapter are to be interpreted, if reasonably practicable, so as to constitute an harmonious and consistent body of laws. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 111. Section 28 provides that "[u]pon decree of divorce or . . . after such decree" the court may make

---

[1] Public Statutes c. 146, §·36; R. L. c. 152, § 30.

decrees for the care, custody and maintenance of minor children of the parties. In § 29 the courts' jurisdiction is specifically extended to provide for care and custody of children resident in Massachusetts whose parents have been divorced in another jurisdiction. Section 35 reads as follows: "The court may enforce decrees, *including foreign decrees,* for allowance, alimony or allowance in the nature of alimony" (emphasis supplied). The phrase "including foreign decrees" in that section was inserted by St. 1950, c. 57.[2]

We conclude that had the Legislature intended to empower the court in § 34 to grant alimony after a foreign divorce it would have employed specific language as it did in § 29 in dealing with custody of children whose parents were divorced elsewhere and in § 35 in the enforcement of foreign decrees for alimony. See *Wood* v. *Commissioner of Correction,* 363 Mass. 79, 82-83.

The decree of the Probate Court dismissing the petition for want of jurisdiction is affirmed.

*So ordered.*

---

[2] The purpose of this amendment was to remove the effect of the decision in *Seltmann* v. *Seltmann,* 322 Mass. 650. See *De Gategno* v. *De Gategno,* 336 Mass. 426, 428-429.