Barrett, J.
Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8B, plaintiff-appellant, St. Luke’s Nursing Home, Inc., d/b/a The Oaks Nursing Home, appeals from a decision of the trial court allowing defendant-appellee, Estella Rebeiro’s, motion to dismiss under Mass. R. Civ. R, Rule 12(b) (6). Plaintiff is the owner of a nursing and rehabilitation facility in New Bedford, Massachusetts. Defendant’s mother, Gertrude Fermino, was a resident of that facility from February 29,2000 thru September 11, 2000. At the time of her mother’s admission, it is averred that defendant signed an agreement wherein she agreed to pay, from her mother’s assets, the cost of her mother’s care at plaintiff’s facility.[1] On April 3,2000, defendant was granted a general, durable power of attorney to facilitate the management of her mother’s affairs.
In June of 2000, defendant’s mother was deemed eligible to receive public assistance with the payment of her nursing home bills.[2] Despite this assistance, Fer-mino remained responsible to pay, from her personal assets, the sum of $673.20, monthly, toward her nursing home bill. This monthly payment, commonly referred to as the “patient pay amount,” was to be paid from the proceeds of Fer-mino’s monthly pension and social security checks which, it is alleged, defendant cashed. Plaintiff’s claim seeks recovery of the patient pay amount of $673.20 for the months of June thru September 2000, totaling $2694.00.
On November 27, 2001, plaintiff filed its original complaint seeking reimbursement from the defendant on a breach of fiduciary and/or breach of contract theory of recovery. Defendant filed the subject motion to dismiss on December 4, 2001, claiming that the facts averred in plaintiff’s complaint failed to state a claim upon which relief could be granted. A hearing on that motion was scheduled for January 8, 2002. On December 22, 2001, plaintiff filed an amended complaint, alleging breach of contract and fraud. In its amended complaint, plaintiff recited additional facts not contained in its original complaint. At the motion hearing on January 8, 2002, the court allowed defendant’s motion and dismissed plaintiff’s action.[3] The matter comes before us on the appropriateness of that dismissal. After consideration of the facts set out in plaintiff’s Amended Complaint, we reverse.
*138 When entertaining a motion to dismiss under Rule 12(b)(6) the court must determine whether the stated allegations, as well as favorable inferences which can be drawn from those allegations, if true, would entitle plaintiff to relief. Balsavich v. Local 170, Int’l Bhd of Teamsters, 371 Mass. 283, 287 (1976). A complaint maybe dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). Although the bar to a dismissal under 12(b) (6) is low, this Court would have upheld the dismissal of this action if the sole allegations at issue were those contained in plaintiff’s original complaint. However, as plaintiff accurately notes in its brief, Mass. R. Civ. R, Rule 15(a) provides for a party to amend its original pleading once as a matter of right before a responsive pleading is served and prior to the entry of an order of dismissal. A motion to dismiss is not considered a responsive pleading for the purposes of Rule 15 (a) .[4] Therefore, plaintiffs complaint was properly amended prior to the motion hearing on January 8, 2002. See Mass. R. Civ. P„ Rule 7(a), also McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978). For that reason, we must focus on the averments contained in plaintiffs amended complaint to determine whether those facts, if proved, would support a basis for relief. Eyal v. Helen Broadcasting Corp., 411 Mass. 426 (1991).
Count I of plaintiffs Amended Complaint continues to allege a breach of contract, but for the first time has attached, as an exhibit, a copy of the Resident Admissions Agreement that defendant is alleged to have signed as the “Responsible Parly” when her mother was admitted to plaintiffs facility. Plaintiff points to paragraph #4 of the Agreement which purports to impose personal liability upon the defendant by inclusion of the following language:
The Responsible Party ... may be personally liable for any misuse or personal use of [Fermino’s] funds which should have been applied to [Fermino’s] care. The Responsible Party hereby acknowledges this potential liability and agrees to act in good faith.[5]
Normally, an agent will not be held personally liable under a contract made on behalf of a disclosed principal. Porshin v. Snider, 349 Mass. 653, 655 (1965), and cases cited therein. See also Restatement 2d: Agency, §320 and comment a. The question presented by Count I, however, is whether or not defendant, by agreeing to the language in paragraph #4 of the Admissions Agreement, exposed herself to personal liability if it can be shown that she misused funds that were intended for her mother’s nursing care; funds that the plaintiff had a right to expect would be available to pay for plaintiff’s services. Cases like this are made difficult when applying straight agency principles. In this case, the plaintiff may have had no choice but to rely upon the good faith of the defendant to use her mother’s assets properly, to apply those assets to her mother’s care by paying plaintiff’s bills. Most individuals, like Fermino, who enter a nursing facility are not capable of managing their own affairs and are, therefore, totally reliant upon others. Here, Fermino was relying on her daughter to pay plaintiff’s invoices which meant that plaintiff too had to rely on defendant to insure that it received payment for the care it was providing. It is not unreasonable to expect that as a condition of admitting Fermino, *139 plaintiff required defendant to at least agree to exercise good faith when dealing with the plaintiff by not misusing or converting her mother’s funds.
We have noted that an agent will not normally be held personally liable on a contract made on behalf of a disclosed principal, Porshin, supra, however, a different result might follow if the evidence shows that the agent expressly agreed to personal liability. Cass v. Lord et al. Same v. American Central Ins. Co., 336 Mass. 430, 432 (1920). Such an agreement by the agent would of course require mutually binding promises supported by consideration. Id. at 432. See also Coe v. Ware, infra, holding that an agent may be held personally liable to a third person if he violates a duty imposed by law. On these facts, this court is unwilling to rule, as a matter of law, that the language contained in the Resident Admissions Agreement was insufficient to bind this defendant, personally, or that there was no consideration flowing to the defendant in having her mother admitted to plaintiffs facility.
With respect to Count II of plaintiff’s Amended Complaint which seeks recovery under a theory of fraud or misrepresentation, the law is that even with a disclosed principal, an agent is not necessarily shielded from personal responsibility if she engaged in tortious conduct. Kennedy v. Swain, 288 Mass. 458, 459 (1934), citing Coe v. Ware, 271 Mass. 570, 573 (1930) and cases cited therein, holding that the principle which in an action at law relieves an agent of responsibility to third persons when (her) conduct involves only a duty due solely to {her} principal has no application when the conduct of the agent also involves a duty to a third person. See also I.R.S. v. Blais, 612 F. Supp. 700 (D. Mass. 1985). In this case, it is entirely possible to posit a set of facts which would support a theory of recovery on a claim of fraud or misrepresentation.
For the foregoing reasons, the judgement of dismissal as to all counts is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.[6]
So ordered.

 These facts are taken from plaintiff’s Amended Complaint.

 Fermino was approved for Mass Health/Medicaid benefits.

 Since plaintiff’s Amended Complaint was filed prior to the hearing on defendant’s motion and prior to the entry of dismissal, it is presumed that the trial court intended to dismiss this action even after review and consideration of the new allegations set out in said Amended Complaint.

 See Mass. R Civ. P, Rule 12(b) which states in relevant part, “Every defense, in law or fact,... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at file option of the pleader be made by motion:
(6) Failure to state a claim upon which relief can be granted....”

 See page #3 of the Resident Admissions Agreement appended to plaintiffs Amended Complaint as Exhibit “A”

 Count III of the Amended Complaint also seeks recovery (for attorney’s fees) under the contract and likewise survives defendant’s motion to dismiss.